# CASES DETERMINED

| 58 | 1 |
| 76 | 144 |

| 58 | 1 |
| 78 | 27 |

AT THE

## *January Term, 1883.*

### BEHM vs. ARMOUR and others.

*April 12 — May 31, 1883.*

MASTER AND SERVANT. *(1, 2) Injury from defective appliances constructed by fellow-servant. (2:2) Notice of defect: complaint construed.*

1. If a servant, knowing the hazard of his employment as the business is conducted, is injured while engaged therein, he cannot recover for the injury merely because the business might have been carried on in a safer mode. But if there are increased perils in the business by reason of the use of defective appliances or otherwise, known to the master or for which he is responsible, and unknown to the servant, and the latter is injured thereby, and is free from negligence, the master is liable.

2. A complaint alleges that the plaintiff at a certain time was in the service of the defendants as a laborer on and about a steam-barge, and, under the direction of a superior officer and agent of the defendants, to wit, the mate of such barge, was engaged in shoveling coal upon an elevated platform; that the defendants, by their said superior officer and agent, had caused such platform to be constructed so negligently, carelessly, and unskilfully that, without any fault and without any negligence of the plaintiff, it broke and fell to pieces, whereby the plaintiff was injured. *Held:*

   (1) The charge that plaintiff was injured by defendants' negligence is not affected by the averment that the mate of the barge superintended the erection of the platform.

   (2) The complaint sufficiently negatives any knowledge on the part of the plaintiff, or reasonable means of knowledge, that the platform was not properly constructed.

VOL. LVIII — 1

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendants.  The complaint avers " that on the 12th day of April, 1882, he [the plaintiff] was in the service of the defendants, as a laborer, on and about the steam-barge Ballantyne, which then was owned by the defendants, and lying near a dock in the city of Milwaukee and state of Wisconsin; that as such laborer he was working under the direction and command of a superior officer and agent of the defendants, to wit, the mate of such steam-barge; that on the day aforesaid he was ordered by such superior officer and agent of the defendants to stand on an elevated platform adjoining the said steam-barge and shovel coal; that the defendants, by their said superior officer and agent, had caused said platform to be constructed so negligently, carelessly, and unskilfully that without any fault and without any negligence of the plaintiff, and while he was shoveling coal in obedience to said orders, it broke and fell in pieces, whereby the plaintiff was thrown with great force and violence onto the dock below, and severely hurt about the left ankle, and otherwise bodily injured, so as to become a cripple, to his damage $4,000." This appeal is from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Markham & Noyes,* and oral argument by *Mr. Noyes.*

*J. A. Eggen,* for the respondent.

LYON, J.  The rule is settled in this state that if a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he cannot maintain an action against his employer for the injury merely because the business might have been carried on in a safer mode.  But if there are increased perils in the business by reason of the use of defective appliances or otherwise, known

to the master or for which he is responsible, and unknown to the servant, if the latter is injured thereby, and is free from negligence, the master is liable. *Strahlendorf v. Rosenthal*, 30 Wis., 674; *Naylor v. C. & N. W. R'y Co.*, 53 Wis., 661.

The complaint in this case sufficiently alleges that the plaintiff was in the service of defendants, engaged in shoveling coal for them; and that he was injured by reason of the breaking and falling of a platform upon which he stood when doing such work. Also, that the platform was constructed by the defendants, and that it fell because they constructed it in a negligent, careless, and unskilful manner. This is a direct and sufficient charge that the plaintiff was injured by reason of the negligence of the defendants. This charge is not affected by the averment that the mate of the steam-barge superintended the erection of the platform for the defendants, any more than it would have been had the pleader stated the names of defendants' hired men who performed the manual labor in its erection. The complaint contains no express averment that the plaintiff did not know of the defective construction of the platform, but it does aver that he was free from any fault or negligence contributing to the injury complained of. The averment was doubtless intended by the pleader to negative any knowledge of the plaintiff, or means of knowledge, which would cast upon him the risk or hazard of working upon the platform, and thus relieve the defendants from liability for the consequences of their alleged negligence. We think it our duty, under the liberal rule for the construction of pleadings which now prevails, to effectuate that intention by holding that the complaint sufficiently negatives any knowledge on the part of the plaintiff, or reasonable means of knowledge, that the platform was not properly constructed.

Thus construed, the complaint states a cause of action, and the demurrer thereto was properly overruled.

*By the Court.*— Order affirmed.