[No. 15123.  In Bank.—June 1, 1894.]

TERENCE McNAMARA, Respondent, *v.* KATE MAC-
DONOUGH et al., Appellants.

Negligence—Duty of Employer—Safe Appliances for Servant—In-
sufficient Scaffold.—It is the duty of an employer to exercise ordi-
nary care in furnishing for his employees a reasonably safe place in
which to work, and he is liable for injury caused by negligence in con-
structing a scaffold on which the plaintiff was employed to work as a
hodcarrier, and by the breaking and falling of which he was injured,
where there is no evidence of contributory negligence.

Id.—Absence of Contributory Negligence—Unapparent Defects in
Scaffold—Means of Knowledge—Legal Conclusion.—Where the
evidence shows that the defects of the scaffold were not apparent or

visible to the employee, that his means of knowledge of its insufficiency were not equal to those of the employer by whose agency the scaffold was constructed, and that he did not know that it was insufficient or unsafe, but trusted and relied upon the employer having performed his duty in the construction thereof, it may be said, as a legal conclusion, that there is no evidence of contributory negligence.

Id.—Instructions as to Contributory Negligence.—In the absence of any evidence tending to prove contributory negligence, it is proper for the court, in its instructions, to assume that there was none; and if there is any evidence tending to prove that the employer had, or with proper care might have had, notice of the danger, an instruction that if the employee's knowledge, or means of knowledge, of the danger from working upon a defectively constructed scaffold was equal to that of his employers, he takes the risk incident to his employment, and cannot recover for injury sustained resulting from a defective and dangerous condition of the scaffold, is sufficient.

Id—Fellow-servants—Employment of Carpenter to Construct Scaffold—Negligence of Vice-principal.—The law of fellow-servants has no proper application as between a carpenter employed to construct a scaffold, whose relation to the defendant who constructed the scaffold is that of vice-principal, and a hodcarrier employed to work upon the scaffold; but in such case the negligence of the carpenter is deemed the negligence of his employers, and not that of a fellow-servant with the hodcarrier, even though the work of the carpenter promoted the erection of the building.

Appeal from a judgment of the Superior Court of the City and County of San Francisco denying a motion for a new trial.

The facts are stated in the opinion of the court.

*E. F. Preston*, for Appellants.

The scaffold which broke, causing the injury to the plaintiff, was constructed by the co-employees of the plaintiff in the ordinary course of their employment. (*Fisk* v. *Central Pac. R. R. Co.*, 72 Cal. 38; 1 Am. St. Rep. 22; *Brown* v. *Central Pac. R. R. Co.*, 72 Cal. 524; *Stephens* v. *Doe*, 73 Cal. 26; *Kevern* v. *Providence etc. Min. Co.*, 70 Cal. 392; *Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 360; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97.) All engaged in a common employment towards a common end are fellow-servants. (Wood on Master and Servant, secs. 424, 425, 435; Cooley on Torts, 545.) This rule applies to masons, carpenters, and laborers

working upon the same building. (Wood on Master and Servant, sec. 435, n. 4; *Coulter* v. *Board of Education*, 4 Hun, 569; *Wright* v. *New York Cent. R. R. Co.*, 25 N. Y. 565; *Smith* v. *New York etc. R. R. Co.*, 19 N. Y. 127; 75 Am. Dec. 305; *Shauck* v. *Northern etc. R. R. Co.*, 25 Md. 462; *Morgan* v. *Vale of N. R. Co.*, L. R. 1 Q. B. 149; *McAndrews* v. *Burns*, 39 N. J. L. 120; *Rogers etc. Works* v. *Hand*, 50 N. J. L. 464.) Where the servant has equal knowledge with the master of the danger incident to the work he takes the risk on himself if he goes on with it. (Wood on Master and Servant, sec. 349; Thompson on Negligence, 1008.)

*D. J. Toohy*, and *Mich. Mullany*, for Respondent.

As the scaffold was furnished by the defendants to the plaintiff to go and carry loads upon, as hodcarrier, and as the plaintiff had no connection with its construction and did not know, and had no means of knowing, of the dangers which were lurking within it, the defendants are liable for the injuries which resulted therefrom. (*Beeson* v. *Green Mountain etc. Co.*, 57 Cal. 26, and cases cited; *Trask* v. *California etc. R. R. Co.*, 63 Cal. 96; *Magee* v. *North Pac. etc. R. R. Co.*, 78 Cal. 430; 12 Am. St. Rep. 69; *Griffin* v. *Boston etc. R. R. Co.*, 148 Mass. 143; 12 Am. St. Rep. 526; *Brickner* v. *New York Cent. R. R.*, 2 Lans. 513; 49 N. Y. 672; *Laning* v. *New York Cent. R. R.*, 49 N. Y. 524; 10 Am. Rep. 417.) It was the duty of the defendants to furnish their employees safe materials and structures, to secure their safety. (*Beeson* v. *Green Mountain etc. Co.*, 57 Cal. 26; *Fuller* v. *Jewett*, 80 N. Y. 46; 36 Am. Rep. 575; *Sanborn* v. *Madera Flume etc. Co.*, 70 Cal. 265, 266; *Baxter* v. *Roberts*, 44 Cal. 187; 13 Am. Rep. 160.) There is no element of fellow-servantship in this case. (*Buzzell* v. *Laconia Co.*, 48 Me. 113; 77 Am. Dec. 212, and notes; *Brown* v. *Sennett*, 68 Cal. 225; 58 Am. Rep. 8; *McKune* v. *California etc. R. R. Co.*, 66 Cal. 302; *Chicago etc. Ry. Co.* v. *Ross*, 112 U. S. 377; Deering on Negligence, secs. 200, 204.)

The Cᴏᴜʀᴛ.—Action to recover damages for a personal injury suffered by plaintiff, alleged to have been caused by the negligence of defendants in constructing a scaffold on which they employed plaintiff to work as a hodcarrier, and by the breaking and falling of which plaintiff was injured.

The cause was tried by a jury. Verdict and judgment for plaintiff in the sum of four thousand five hundred dollars. Defendants appeal from the judgment, and from an order denying their motion for a new trial.

At the time of the accident the defendants were constructing a building known as the "California Hotel and Theater," on Bush street, in the city of San Francisco. Some time before the accident the defendants departed from this state, and did not return before the commencement of this action; but during their absence they were directly represented here by Mr. E. F. Preston, as general superintendent of the construction of the building. Mr. Preston employed J. M. Wood as architect and general manager upon the ground. James McIntire was employed as foreman of the work, and he, generally, employed the laborers—masons, bricklayers, hodcarriers, etc.; but the architect employed George Scarf, a carpenter, to construct all the scaffolds on which the bricklayers and hodcarriers were to work, and Scarf constructed all such scaffolds from materials furnished by defendants. As to whether the materials furnished for scaffolds were suitable for that purpose, and whether the particular scaffold, by the falling of which plaintiff was injured, was negligently and insecurely constructed, the evidence was substantially conflicting, but quite sufficient, under the rule applicable here to conflicting evidence, to justify a verdict in favor of the plaintiff on both these issues. All the mechanics and laborers who worked on the building were employed and paid by the defendants (through their agents) by the day, week, or month; that is to say, no part of the work was done by job contract, excepting, perhaps, the work of the architect. There is no evidence of any contract, understand-

ing, or custom to the effect that the bricklayers or hodcarriers were to construct the scaffolds on which they were to stand while doing their work; and no evidence that they did construct any of such scaffolds, except as one or more of them may have been ordered to assist Scarf, in which case they worked under Scarf's direction and did only what he ordered them to do. In constructing the scaffold on which plaintiff was injured Scarf was assisted by Thomas McGowan, a hodcarrier employed on the building, who testified: "My business there was that of a mere laborer attending on the mechanics; and, in that capacity, I waited upon Mr. Scarf, and attended on him while he built the scaffold that broke down." . . . .

"Q. Did you have any management or superintendence or direction of this scaffold? A. Not the slightest; I was a common laborer, and had to do as I was told"; and there was no evidence in conflict with this testimony.

The scaffold in question was constructed inside of three walls of an elevator shaft, the front side of which was open—the shaft being about nine feet square. The scaffold covered the whole space inside of the shaft except a few inches next to the walls. The bricklayers and hodcarriers went to work upon it immediately after it was constructed, and within an hour or two thereafter, while the plaintiff and a bricklayer were working upon it, it fell, and with it the plaintiff and bricklayer fell to the bottom of the shaft, a distance of about eighteen feet, whereby the plaintiff was seriously, and perhaps permanently, injured.

The evidence tends to show that the defects and insufficiency of the scaffold were not apparent or visible to the plaintiff, that his means of knowledge of such insufficiency were not equal to those of the defendants by whose agency the scaffold was constructed, and that he did not know that the scaffold was insufficient or unsafe, but trusted and relied upon the defendants having performed their duty in the construction thereof; so that

it may be said, as a legal conclusion, that there was no evidence of contributory negligence.

At request of plaintiff the court gave the following instruction: "It was the duty of the defendants to furnish a suitable and safe scaffold, both as to the materials used and the mode of the construction thereof, such as a reasonable, and cautious, and prudent man would adopt, in view of the use for which the same was intended to be used, and in view of the fact that the mechanics and workmen treading upon the same and carrying their loads of brick and mortar, depended upon the material and construction thereof for their personal safety. And if you find from the evidence that the scaffold which broke down and caused the injury complained of was not constructed in a safe and suitable manner, and composed of suitable and safe materials, in view of the purpose for which it was intended, and the use to which it was to be put by the workmen, including plaintiff, you will find a verdict for the plaintiff, and assess the damages in his favor and against the defendants, at such sum—not to exceed twenty-five thousand dollars—as you shall deem reasonable and proper under all the circumstances of the case, and the evidence adduced on the trial, if you should find, also, from such evidence, that the plaintiff did not know, or had no equal means of knowledge with defendants, of ascertaining whether the scaffold was constructed in a suitable or safe manner for the work intended, or constructed of safe, sound, and proper material, and further find that the plaintiff did not know, or could not have known, under all the circumstances, that his employment on such scaffold involved danger to himself.

"This instruction I give you on behalf of the plaintiff, with such modifications as I think are proper, and I will instruct you farther on as to that matter."

The court, of its own motion, afterwards elaborated and added to the above instruction as follows: "The law requires every person to use his natural faculties. Whatever any man might have seen, whatever he might

have heard, he is presumed to have heard; and this plaintiff is chargeable with negligence in the use of this scaffolding, if he had an opportunity equal to the defendants to see and inspect the same before its use, and understood the risk to which he was exposed thereby.

"That an employer who provides appliances, such as a scaffold, as in this case, must see that it is suitable and fit for the use for which. it is intended. This rule is, however, subject to this limitation: That when a person works upon a platform or scaffold—as the plaintiff did in this case—and such platform or scaffold is insufficient for the purpose for which it is used, or for any reason unsafe or dangerous to work upon, and such person so uses it or works upon it with a knowledge, or means of knowledge, equal to that of the employer, that it is defectively constructed, unsafe, and· dangerous to work upon, then, in that case, he takes the risk incident to such employment, and .cannot recover against such employer for injuries sustained which arise out of accidents resulting from such defective, unsafe, and dangerous condition of such scaffold."

At request of defendants' counsel, the court instructed the jury as to the law of contributory negligence and fellow-servants.

The principal points made by appellants, and the only points requiring consideration, are: 1. That the evidence is insufficient to justify a verdict of negligence on the part of the defendants in the construction of the scaffold, which is sufficiently answered in the foregoing statement of the case; and, 2. That the court erred in giving the instruction above set out, at request of plaintiff, with the additions thereto by the court.

The objections to the instruction are that it assumes that Scarf, who constructed the scaffold, was not a fellow-servant by whose negligence the accident happened, and that there was no contributory negligence on the part of the plaintiff, and also that it is inconsistent with the instructions given at request of defendants, defining what constitutes fellow-servants, and to

the effect that if the injury to plaintiff was caused by the negligence of a fellow-servant, or if the negligence of plaintiff contributed to the injury, the verdict should be for the defendants.

In the absence of any evidence tending to prove contributory negligence on the part of the plaintiff, it was proper for the court to assume that there was none; but the instruction in question did not so assume. On the contrary, it assumed that the plaintiff might have been negligent in going upon the scaffold, if his knowledge, or means of knowledge, of the danger was equal to that of his employers, and that if he did so he could not recover. This was sufficient, even assuming that there was evidence tending to prove that he had, or with proper care might have had, notice of the danger.

No instruction as to the law of fellow-servants was applicable to the evidence, except, perhaps, an instruction to the effect that the law of fellow-servants had no proper application to Scarf, who, in constructing the scaffold, represented the defendants, whose duty it was to exercise ordinary care in furnishing for the plaintiff a reasonably safe place in which he was to work, as well as safe machinery and appliances with which he was to work; and that Scarff's relation to the defendants while constructing the scaffold was that of vice-principal, as it is sometimes called by courts, in which relation his negligence is deemed the negligence of the defendants, and not that of a fellow-servant with plaintiff, even though his work promoted the erection of the building. (*Congrave* v. *Southern Pac. R. R. Co.*, 88 Cal. 369, and cases cited; *Daves* v. *Southern Pac. Co.*, 98 Cal. 19; *Burns* v. *Sennett*, 99 Cal. 363; *Baltimore R. R. Co.* v. *Baugh*, 149 U. S. 369; *Alledge* v. *National City etc. Ry. Co.*, 100 Cal. 282; 38 Am. St. Rep. 290; *Bowen* v. *Chicago etc. Ry. Co.*, 95 Mo. 269; *Nixon* v. *Selby Smelting etc. Co.*, *ante*, p. 458.)

The facts of the case at bar bring it fairly within the rule of the cases here cited, for a clear understanding of which these late cases should be especially consulted.

There is no error in the instructions above quoted to the prejudice of the defendants. And if the instructions given at request of defendants are inconsistent with those in the respects claimed by counsel for appellants, or otherwise erroneous, they are so to the advantage of the appellants, and the respondent alone could have been injured by them.

The order and judgment are affirmed.

Chief Justice BEATTY and Justice FITZGERALD did not participate in the foregoing decision.

Rehearing denied.

BEATTY, C. J., dissented from the order denying a rehearing.