ANNIE COPITHORNE *vs.* FRANCIS D. HARDY & another.

Middlesex.   March 14, 15, 1899. — May 19, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Employers' Liability Act — Defect in Machinery — Negligence — Action — Person " intrusted " with Care of Machinery — Evidence.*

An action may be maintained under the employers' liability act, St. 1887, c. 270, § 1, cl. 1, for personal injuries caused by the fall upon the plaintiff, while sitting at work, of shafting consisting of a cone shaft with six pulleys attached to the ceiling by brackets and screws, which had been moved the day before the accident by order of the defendant's superintendent from another part of the room, where it had been up for a long time without falling, by a carpenter who attended to that kind of work under the superintendent's orders.

The words of the employers' liability act, St. 1887, c. 270, § 1, cl. 1, " owing to the negligence of the employer, . . . or of any person . . . intrusted by him with the duty of seeing that the ways, works, or machinery were in proper condition," may include a person who, employed as a carpenter, attends to adjusting machinery under the superintendent's orders.

The mother of the plaintiff, in an action for personal injuries, may testify as to what is a fair charge for services rendered by her to the plaintiff.

TORT, under the employer's liability act, St. 1887, c. 270, § 1, cl. 1, for personal injuries sustained by the plaintiff through the alleged negligence of the defendants. At the trial in the Superior Court, before *Hardy*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*J. Lowell & R. Homans*, for the defendants.

*J. E. Hannigan*, for the plaintiff.

HOLMES, J.   This is an action under the statute for personal injuries alleged to have been caused by a defect in the defend-

ants' ways, works, and machinery. The plaintiff was in the defendants' employ, and was sitting at work making pills, when some shafting fell and struck her on the back. Her case is not denied. The shafting had been moved the day before, by order of the superintendent, Shea, to the place from which it fell, by the carpenter, Maclaren, who attended to that kind of work under the superintendent's orders. It was a cone shaft with six pulleys, and was attached to the ceiling by hangers, or brackets, and screws. When the machinery was started on the morning of the accident, it squeaked and was stopped. Maclaren worked on it again for some time, but in the afternoon it fell. Maclaren testified that the squeaking was in a different part from that which fell, but of course it was for the jury to say whether they believed him, and whether in any event it did not point to a defect. He also said that putting up the shafting was not the simple job it seemed. The main question raised by the exceptions is whether there was any evidence of negligence within the statute.

In the first place, we think it entirely plain that the conditions of which the plaintiff complains do not belong to that transitory class for which the employer is not responsible beyond furnishing a choice of proper materials or instrumentalities to the plaintiff or her fellow servants. To put it at the lowest, the jury were warranted in finding, as it was left to them to find, that this was one of those permanent arrangements as to which the duty of the employer could not be delegated, according to the well known common law distinction, or, under the statute, that, if there was a defect, it was a defect in the ways, works, and machinery. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131. It does not matter that the shafting had been up only for a day. The defendants' liability was the same that it would have been a month later.

In the next place, we are not prepared to say that the jury were not warranted in finding that the defect which was shown to exist by the fall of the shafting presumably was due to the negligence of those who had charge of it. If the jury thought that such things generally can be prevented by reasonable care, — that as a rule they do not happen from latent defects but rather because some one has been careless in failing to attach

heavy machinery in such a way as to support its weight, — we cannot say that their judgment was not the result of experience, but a guess. The machinery had been up before for a long time, in another part of the room, without falling. The question when the rule *res ipsa loquitur* can be applied with safety must be considered always with reference to the special facts of the case and the teachings of experience with regard to them. General propositions and decisions upon different facts are equally useless. In *Kendall* v. *Boston*, 118 Mass. 234, there was at least as great a chance that the bust fell because of a push from some one in the audience, as that it did from a defect in its supports. A case more like the present is *Kearney* v. *London, Brighton, & South Coast Railway*, L. R. 6 Q. B. 759; *S. C.* L. R. 5 Q. B. 411.

The jury were instructed that there could be no recovery for negligence on the part of the superintendent Shea. The defendants argue that the words of the statute, " owing to the negligence of the employer," mean the employer's personal negligence, (*Toomey* v. *Donovan*, 158 Mass. 232, 236,) and that the alternative words, " or of any person . . . intrusted by him with the duty of seeing that the ways, works, or machinery were in proper condition," St. 1887, c. 270, § 1, cl. 1, apply only to Shea and do not apply to Maclaren. We do not follow the argument. Shea had the wider authority, no doubt, but was a salesman, and the man who really understood the machinery and looked after it, although subject to orders, was Maclaren. The jury were warranted in finding that he was a person intrusted within the meaning of the statute. We do not perceive any error in the instructions given or refused as to the principles of liability which can have done the defendants any harm.

The plaintiff's mother properly was allowed to testify as to what was a fair charge for her services to the plaintiff. *Kendall* v. *May*, 10 Allen, 59, 67. *Nickerson* v. *Spindell*, 164 Mass. 25, 28.

*Exceptions overruled.*