EDWARD F. PIERCE *vs.* ARNOLD PRINT WORKS,

Berkshire.    October 30, 1902. — November 24, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence,* Employer's liability, Contributory.

Where the undertaking of laying an iron conduit in the bed of a stream was under the general charge of a person called the master mechanic, but the foreman in charge of laying certain sections of the pipe while not constantly present was very often there, and the orders under which the work was done came from him, and he employed and discharged the men engaged in the work, and any manual labor which he performed was in order to show how such work should be done, and where the plaintiff was injured from the breaking of a chain selected by this foreman and in use by his order, a jury was held to be justified in finding that the foreman was a superintendent exercising superintendence within the meaning of the employers' liability act.

For a superintendent in charge of the laying of sections of iron pipe, to overload the chain of a hoisting machine and to give an order to hoist while the chain is overloaded, is evidence of negligence, especially where also there is evidence that there was a noise as of the breaking of some portion of the apparatus, whereupon the man who was hauling told the superintendent that he thought some part was giving way and that there was something cracking, that the superintendent in reply told him to go on and pull it right up, that he did so and the accident occurred.

A laborer who is ordered by a superintendent to block up a piece of iron pipe being laid in a trench, and who does so directly under a hoisting apparatus which owing to the breaking of an overloaded chain falls upon and injures him, may be found to be in the exercise of due care.

A workman blocking up a piece of iron pipe in a trench by order of a superintendent does not assume the risk of a hoisting apparatus falling on him by reason of the negligence of the superintendent in overloading a chain.

TORT for personal injuries, the declaration being described by the court.    Writ dated August 26, 1899.

At the trial in the Superior Court before *Maynard,* J., the jury returned a verdict for the plaintiff in the sum of $1,450; and the defendant alleged exceptions.

*W. H. Brooks & W. Hamilton,* for the defendant.

*C. P. Niles & J. E. Magenis,* for the plaintiff.

BARKER, J.    The defendant undertook to lay an iron conduit in the bed of a stream which passed through its works.    Lengths of pipe, three feet in diameter, were moved to the points at

which they were to be laid, by trolleys running on the lower flanges of iron I beams. The beams were held up by tripods from which they were hung by iron rods or chains. The plaintiff was working as a laborer in the bed of the stream, blocking up a section of pipe which had been brought to its place and was then partly or wholly supported from the trolley and in process of final adjustment by means of chain falls. A strain brought by the falls upon the supporting beam, in attempting to move or turn the pipe, broke the chain from which hung the outer end of the beam, and allowed the trolley and falls to come down upon the plaintiff.

The declaration has four counts, the second of which was founded on an alleged defect in the ways, works and machinery, and the third upon the alleged negligence of a superintendent exercising superintendence; while the first and fourth were at common law, the first for failure to give the plaintiff instruction and warning as to the dangers of his work, and the fourth for negligence in not furnishing suitable machinery and appliances. Certain specifications more or less applicable to all the counts had been filed under an order of court by the plaintiff before the trial.

The evidence was addressed to all the counts. At the close of the testimony the defendant requested eighteen instructions, a number of which applied to all the counts. In his charge the judge instructed the jury that the plaintiff was not entitled to a verdict on the first, second and fourth counts, and submitted the case to them on the third count only.

The exceptions argued by the defendant are to the refusal to give the rulings requested, and to so much of the charge as was inconsistent with them, and especially to that portion of the charge which allowed the jury to find for the plaintiff because the appliances used were unsuitable, owing to negligence of the alleged superintendent.

The principal questions for the jury under the third count, which alone was submitted to them, were those of the plaintiff's due care, whether one Church, who was present at the time and place of the accident and in immediate charge of the work then being done, was a superintendent exercising superintendence within the meaning of the employers' liability act, and whether,

owing to his negligence in an act of superintendence, the plaintiff was hurt.

It is not contended on the defendant's brief that Church could not be found to have been a superintendent whose principal business was that of superintendence, and who was exercising superintendence at the time and place of the accident. While the evidence tended to show that the whole undertaking was under the general charge of another person called the master mechanic, the great weight of the evidence was that Church was the foreman in charge of this particular undertaking; that while not constantly present he was very often there, and that the orders under which the work was done came from him and often were given by him in person; that he employed and discharged the men engaged in the work, and that any manual labor which he performed was in order to show how such work should be done. This state of the evidence justified the refusal to give the sixth and fifteenth requests, which were in effect that there was no sufficient evidence that Church was a superintendent and that upon the entire evidence he was a mere fellow servant of the plaintiff. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131. *Malcolm* v. *Fuller,* 152 Mass. 160, 166. *Gardner* v. *New England Telephone & Telegraph Co.* 170 Mass. 156.

There was a conflict of evidence as to the size and condition of the chain which broke, and there was evidence tending to show that this chain was one selected for use by Church himself. If the jury believed certain testimony, they might find that the chain was very much worn. If they believed certain other testimony, they might find that the chain was new and unworn. There was also a conflict of evidence as to whether three pieces of pipe fastened together were being moved by the falls when the chain broke, or only one piece. There was evidence tending to show the breaking strain and the safe working strain of chains, and it was possible for the jury to find from all the evidence that whether the chain which broke was old or new, it was overloaded at the time of the accident; that Church's order to hoist was the cause of the accident; and that it was negligence on his part not to have had the trolley beam held up by a stronger support, and negligence to have given the order to

hoist because the chain, whether old or new, was overloaded. Besides this, there was evidence tending to show that just before the parting of the chain there was a noise as of the breaking of some portion of the apparatus, in consequence of which the man who was hauling upon the falls told Church he thought some part was giving way, that there was something cracking; and that Church in reply gave the order to go on and pull it right up, which order was at once obeyed and the accident occurred.

Without stating more, this is enough to show that the question whether the plaintiff was hurt in consequence of the negligence of a superintendent exercising some act of superintendence was for the jury; and so to justify the refusal to give the seventh and ninth requests, which were to the effect that there was no sufficient evidence that Church was guilty of any negligent act while acting as superintendent, which was the proximate cause of the plaintiff's injury; and that upon the entire evidence, notice and pleadings he was not injured by any negligence on the part of a superintendent.

The third request was that there was no sufficient evidence that the plaintiff was in the exercise of due care. He was a common laborer, sometimes shovelling in the ditch, sometimes moving materials, and sometimes doing other work as directed from time to time. The defendant lays stress upon that part of the evidence which tends to show that the chain which broke obviously was worn half through and evidently was an unsafe support for the beam and its load. But there also was evidence that the chain was new and unworn. The evidence tended to show that the plaintiff had just been told by Church to block up a piece of the pipe which was directly under the apparatus which fell, and that the plaintiff took the position in which he was when hurt in consequence of the direct order of Church to block up the pipe, and under Church's eyes. We are of opinion that the question of the plaintiff's due care was for the jury, and that the third request properly was refused.

The first request was that upon the entire evidence, notice and pleadings in the case, the plaintiff was not entitled to recover, and the third was a like request relating to the third count alone. So far as the first request dealt with the first, sec-

ond and fourth counts, it was in effect given at the outset of the charge. We have seen that there was evidence which made the question of the plaintiff's care and whether his injury was due to the negligence of a superintendent matters for a jury. Therefore the first and second requests were refused rightly.

The fifth request was that there was no sufficient evidence that any negligence on the part of the defendant was the cause of the plaintiff's injury. The jury were told in effect that the charges of negligence against the defendant other than that of the alleged negligence of Church as superintendent were dropped out of the case, and as the question of the negligence of Church was for the jury and was left to them, the fifth request was rightly refused.

The eighth and eleventh requests were upon the alleged failure to give the plaintiff instructions and warning. The refusal to give these requests in terms was made immaterial by the dropping of the first count from the consideration of the jury.

The twelfth, thirteenth and sixteenth requests were addressed to the doctrine that if the defendant furnished a sufficient number of suitable chains and the injury was caused by a negligent selection of a poor chain by a fellow servant, the plaintiff could not recover. The action of the judge in withdrawing from the consideration of the jury all the counts but the third, and in instructing the jury that the plaintiff could not recover save for negligence of Church as superintendent, made it unnecessary to deal with the doctrine mentioned, and justified the refusal to give these requests.

The tenth request, to the effect that if there was a defect in the chain which was as open and obvious to the plaintiff as to the defendant, and that defect caused the injury, the plaintiff could not recover, was sufficiently covered in that part of the charge which dealt with the assumption by the workman of all obvious risks.

The fourth request was for a verdict for the defendant because the injury was the result of one of the risks of his employment which he voluntarily assumed. While in a general way the fall of some portion of the apparatus under the strain of a load was a danger incident to the employment, it could not be ruled as

matter of law that the injury was the result of a risk which the plaintiff assumed. If its cause was negligence of the superintendent, the plaintiff still might recover, and the request was properly refused.

The seventeenth request was that the defendant was not guilty of any negligence in placing upon the chain the load it was sustaining. Save for negligence of Church as superintendent, this instruction was in effect given in the instruction that the charges of negligence on the part of the defendant as a defendant were dropped and out of the way. As already seen, there was evidence from which it might be found that Church, acting as superintendent, overloaded the chain. The request was therefore refused rightly.

Two requests bear the number seventeen. Of these the latter was given, to the effect that the plaintiff could not recover because of the absence at the end of the beam of a clamp to prevent the running off of the trolley; we assume that the presiding judge considered it an obvious condition.

The fourteenth request was that if the injury was caused by a transitory or passing risk of the employment, the plaintiff could not recover. Little stress is laid by the defendant in its brief upon the exception to the refusal to give this request. When the jury were told that the only negligence for which they could find for the plaintiff was negligence of Church as a superintendent in some act of superintendence, the question of transitory conditions caused by the selection by fellow servants of improper materials and the like, became immaterial, and the request was rightly refused. See *Copithorne* v. *Hardy*, 173 Mass. 400, 401.

The remaining exceptions were to the charge so far as it was inconsistent with the rulings requested, and specifically " to that portion thereof which allowed the jury to find the defendant liable because the appliances and mechanisms used to do the work were unsuitable and were improperly set and arranged for the work they were intended to perform owing to the negligence of Church the alleged superintendent." In support of this exception the defendant contends that the judge in effect authorized the jury to find the defendant negligent if Church could have devised a safer method of doing the work than that

which he selected. The charge does not seem to us to be open to such a construction, and we think that if the defendant was apprehensive that the jury might give it such a meaning, the attention of the presiding judge should have been called directly to the point and further instructions asked. Upon the issues which, after the withdrawal of the three counts, were submitted to the jury, we think that the charge was correct in law and not open to exception.

*Exceptions overruled.*