YUNKES, Appellant, vs. RACINE-SATTLEY COMPANY, Respondent.

*February 19—March 10, 1908.*

*Amendment: Refusal: Harmless error: Defective machinery: Assumption of risk: Nonsuit: Sufficiency of evidence.*

1. Where all the essential facts of the cause of action on which plaintiff relies to show defendant's liability were before the court, plaintiff was not prejudiced by a denial of his motion to amend the complaint.

2. In an action for damages for injuries to plaintiff's hand while operating a defective pattern in connection with a machine for shaping cleats, the evidence is *held* to have warranted a nonsuit on the ground that the defect in the pattern and the danger incident to its use were so open and obvious that plaintiff must have been aware of them and assumed the risk involved.

3. The fact that a defective pattern was furnished him does not relieve plaintiff from the consequences of its use, which were incident thereto and which plaintiff assumed, since the risk was obvious to him under the facts and circumstances disclosed.

APPEAL from a judgment of the municipal court of Racine county: WM. SMIEDING, JR., Judge. *Affirmed.*

This is an action for damages for personal injuries sustained by the plaintiff and alleged to have been caused by the negligence of the defendant. Defendant is engaged in the manufacture of buggies, farm wagons, and other vehicles, and at the time of the injury plaintiff was engaged for the defendant in shaping the ends of cleats for use in the construction of wagon boxes. The machine at which plaintiff was working is known as a shaper, and consists of a table or platform, above which project, about two feet distant from each other, two revolving rods or "heads." Knives are attached to these heads. Below the knives and having the same circumference as that described by the edges of the revolving knives is a "collar" or iron ring which projects above the surface of the table. The two heads revolve in opposite directions. For shaping the cleats it is necessary to place

them in a pattern. A piece of inch board about six inches wide and three feet long constitutes the base of the pattern. Upon this base and parallel with its length are erected two blocks of wood about four inches wide and four or five inches long. Smaller blocks of wood, about two inches wide and the same length as the other blocks, are erected upon the base, parallel to and distant from the wider blocks by the thickness of the cleats. In the space between the sets of blocks are placed brads projecting above the surface of the base. These sets of blocks or "stops" are about two feet apart. The cleats plaintiff handled were of maple lumber and a little longer than the base of the pattern, about four inches wide and one and one-half inches thick. When the operator shapes a cleat he places the cleat into the space between the large and the smaller blocks and fastens it down on the projecting brads by slapping the pattern on the table of the machine. The cleat is held firmly by the operator placing his hands over the cleats and the blocks of wood. The corners of the base of the pattern away from the operator are half circled, and when the base of the pattern is brought against the collar below the revolving knives the part of the cleat projecting beyond the lines of the rounded corners of the base of the pattern is cut away by the revolving knives.

The complaint alleges that the pattern furnished the plaintiff was defectively constructed in that the blocks over which he was obliged to place his hands, and beyond which his fingers projected, were placed flush with the edge of the base of the pattern, thus leaving his fingers unprotected, because of the absence of a projection of the base of the pattern, if the cleat should be caught by the knives and the pattern drawn over toward them when the cleat was brought against the knives for shaping. He alleges that while he was shaping a cleat at the time in question the cleat was caught by the knives, drawn toward them, and that the fingers of his left hand were brought into contact with the knives and cut off.

Plaintiff notified defendant that he would move for leave to amend the complaint. The amendment proposed alleged that the cleat on which plaintiff was working when injured was defective, in that it had not been "jointed;" that is, that it had not been planed and squared up, but that it was left rough as it came from the saw, and consequently did not fit squarely and firmly upon the brads in the pattern, but slipped thereon. The amendment further alleged that the pattern furnished plaintiff was defective in not being fitted with iron clamps for holding the cleats firmly in the pattern, and with handles which would make it unnecessary for the operator to project his fingers into a dangerous position over the blocks of wood erected on the base of the pattern. The proposed amendment also alleged the failure and neglect of the defendant to warn plaintiff of the danger incident to the use of these cleats, of the irregularities in the shape of the cleats, and of the danger to his hands if the cleats should slip and the knives cut too deeply and thereby draw the pattern against them. The court denied the application to amend the complaint.

It appeared from plaintiff's evidence that the plaintiff had been employed by defendant for about four years, that at the time of accident he was shaping cleats for wagon boxes and had worked at this for two and one-half days, and that he had been shaping wagon material. He testified that he was familiar with the patterns used in the shop; that the day before the injury he had used a different pattern from the one he used when the accident happened; that the one he used at the time of the accident had the large blocks set into the outer edge of the pattern, so as to leave no margin to protect his fingers from coming into contact with the knives if drawn toward them; that this was readily observable by the person using it; that he could see how the blocks were set on this pattern, how the cleats fitted into it, and whether or not they were jointed and would be engaged by the

brads between the blocks; and that he could see how his fingers were set over the high blocks, and how this would expose them to the danger of contact with the revolving knives on the heads. The relation of the revolving heads and knives to his hands on the pattern, when the cleats were held against the knives to be shaped, was open and visible before him, and made manifest to his view that, if the knives drew the cleats and the pattern toward the heads and the revolving knives, "something like what occurred here might happen." The danger to plaintiff's fingers as placed on the pattern when operating the machine could be plainly seen and comprehended by the person shaping the cleats. It appears from the evidence that plaintiff understood the situation and could readily have observed the defect in the pattern and the cleats. At the conclusion of plaintiff's testimony the court directed a nonsuit and entered judgment to that effect. This is an appeal from such judgment.

*Wallace Ingalls,* for the appellant.

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

Siebecker, J. It is argued that the court erred in denying plaintiff's motion to amend his complaint, because it prevented him from showing the negligence which caused him the injury of which he complains. This contention is not sustained by the record. The amendments set forth statements of facts which were embraced in the original cause of action as alleged in the complaint. The amendments show that the facts alleged therein were conditions involved in the use of the defective pattern and shared in the result caused by the use of the defective pattern. The trial court seems to have so viewed the situation and to have received all of the material evidence covered by the allegations of the proposed amendments. The facts and circumstances adduced show that plaintiff's injury was the natural and probable result of the use of the defective pattern. If he had used a proper

pattern his fingers could not have come in contact with the revolving knives as they did, though it and the cleat had been drawn toward them as the evidence tends to show they were. Under these circumstances plaintiff was not prejudiced by the court's refusal to amend the complaint. All the essential facts of the alleged cause of action upon which plaintiff relies to show defendant's liability were before the court.

Upon the case so presented by plaintiff's evidence the trial court held that the defect complained of in the pattern and the danger incident to its use were so open and obvious that plaintiff must be held to have assumed them while engaged as operator in shaping cleats at the machine in question. From the facts of the case as given in the foregoing statement it is manifest that any person of ordinary intelligence could not well avoid observing the danger of his fingers coming in contact with the revolving knives while engaged in shaping cleats as plaintiff was. The likelihood of injury, while shaping cleats, from the use of the defective pattern, the relation of the revolving knives to the pattern and cleat, and the hazard and danger incident to the use of the defective pattern and cleat in the performance of his task were all open and plainly visible. Plaintiff is a man of intelligence and experience and was familiar with the work he was performing. Ordinary attention to his surroundings and the implements he used would have informed him of the defects in the pattern and the cleats and of the dangers incident to operating with them at the machine in question. He had every opportunity to inform himself of all these defects, dangers, and risks. Any omission so to do must be attributed to his own want of care, and places him in the same situation as if he had observed all of these conditions. Under such circumstances he assumed the risks of injury which were incident to the business in which he was engaged. The fact that a defective pattern was furnished him does not relieve plaintiff from the consequences of its use which were incident thereto and which plaintiff assumed, since the risk was ob-

vious to him under the facts and circumstances disclosed, *Naylor v. C. & N. W. R. Co.* 53 Wis. 661, 11 N. W. 24; *Behm v. Armour,* 58 Wis. 1, 15 N. W. 806; *Faber v. C. Reiss C. Co.* 124 Wis. 554, 102 N. W. 1049.

The conclusion of the trial court that the evidence shows that plaintiff's injury was due to the risk he assumed in shaping the cleats is correct, and the judgment of nonsuit was properly awarded.

*By the Court.*—Judgment affirmed.