# Louisville & Nashville R. R. Co. *v.* Bontrager.

*Injury to Servant.*

(Decided January 22, 1914. Rehearing denied April 16, 1914 65 South. 28.)

1. *Master and Servant; Injury to Servant; Defective Appliances.*— A complaint for injury to an employee while operating a hoisting jack, alleging that the jack was not equipped with a sufficient lever for proper operation, charges that the jack was defective and put the burden upon plaintiff to show that the jack was insufficiently equipped within the purview of subdivision 1, section 3910, Code 1907.

2. *Same; Evidence.*—The evidence examined and held not to show that the hoisting jack was insufficiently equipped as alleged for ground of recovery under subdivision 1, section 3910, Code 1907.

3. *Same; Obligation to Servant; Appliances.*—A master need not furnish the latest or very best appliances, but is bound to exercise reasonable care to secure reasonably safe appliances for his servant to work with.

4. *Same; Negligence of Superintendent.*—Where an injury to an employee is caused by his improper use of sufficient appliances, there can be no recovery on the theory of the negligence of the superintendent as the selection of the improper method is the fault of the employee alone.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by L. L. Bontrager against the Louisville & Nashville Railroad Company, for damages for injury while in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GEORGE H. PARKER and EYSTER & EYSTER, for appellee. The court erred in admitting the testimony of Johnson as he was not shown to be an expert.—*Anniston v. Ivey*, 151 Ala. 392; 125 Ala. 585. Defendant was entitled to the general charge as to count 1.—*Holland v. Tenn. Co.*, 91 Ala. 450; *L. & N. v. Andrews*, 171 Ala. 208; *Eureka Co. v. Bass*, 81 Ala. 212; *Wes. Ry. v. Mutch*, 97 Ala. 196; *L. & N. v. Lowe*, 158 Ala. 393. The affirmative charge as to count 2 should have been given.— *Laughran v. Brewer*, 113 Ala. 518.

J. B. BROWN and A. A. GRIFFITH, for appellee. The case of *Caldwell-W. F. & M. Co. v. Watson*, 183 Ala. 326, is in point on many of the contentions of appellant. As to the duty of the master in supplying reasonably safe appliances, see, *Merriweather v. Sayre M. Co.*, 161 Ala. 441; *Huyck v. McNerny*, 163 Ala. Ala. 250; 1 LeB. §§ 1422-3. The hoisting jack and the lever were part of the ways, works, machinery.—*Sloss-S. S. & I. Co. v. Mobley*, 139 Ala. 436; *Grasseli C. Co. v. Davis*, 166 Ala. 476, and authorities next above. There was evidence of negligence of the superintendence authoriz-

ing recovery.—*Seaboard M. Co. v. Woodson,* 94 Ala. 143; *Sloss-Sheffield v. Green,* 159 Ala. 182; 160 Mass. 248. Before contributory negligence can be made a predicate for a verdict for defendant, it must be specially pleaded.—*So. Ry. v. Shelton,* 136 Ala. 191. The witnesses were shown to be experts, and qualified to give the opinion expressed.—5 Enc. of Evid. 532; *L. & N. v. Sanders,* 125 Ala. 585. Unless it appears from the entire record that defendant was entitled to the affirmative charges as to both counts of the complaint, the court was not in error in denying the same as to counts 1 and 2.—*City of Birmingham v. Poole,* 169 Ala. 180. Plaintiff made a prima facie case under the first count, and hence, a verdict should not be directed as to that count.—*Going v. Ala. S. & W. Co.,* 141 Ala. 537; *So. Cot. O. Co. v. Walker,* 164 Ala. 33. Neither was defendant entitled to the affirmative charge as to the second count.—*Woodward I. Co. v. Johnson,* 150 Ala. 367; *So. Ry. v. Shelton, supra.* Counsel discuss the refused charges, but cite no additional authorities.

McCLELLAN, J.—Action by servant, appellee, against master, appellant, for personal injuries received in that service. The complaint contains two counts. The first and second counts intend, respectively, to state a cause of action under the first and second subdivisions of the Liability Act (Code 1907, § 3910). The first count describes the defect as consisting of an insufficient handle or lever for the operation of a "jack" commonly used in the alignment of a railway. The secont count ascribes plaintiff's injury to the negligence of a superintendent whilst in the exercise thereof, without any particular averment describing the negligence relied on. In addition to the general issue, the defense is contributory negligence *as* averred in special pleas 2

and 3. No question as to the sufficiency of the pleading, complaint, or pleas is presented or argued here.

The first special plea, upon which issue was joined, avers: "That the said plaintiff at the time and place of the said alleged injury was using what is called a lining bar as a lever to said hoisting jack, and he was instructed by those with whom he was working, and under whom he was working at said time, not to use the big end of said bar in the jack as it was beveled and might slip, but to use the small end of said bar in the jack, but said plaintiff, instead of following the said instruction, continued to use, and insisted upon using, the large end of said bar in said jack, and it was by the use of said large end of said bar in said jack that he suffered the said alleged injury." The second special plea, upon which issue was joined, after describing the bar as in the first special plea, avers: "* * * And he was instructed by those with whom he was working and under whom he was working at said time not to use the big end of the bar in the socket (of the jack) with the beveled side down, but to turn it over, or to use the other or small end of the same, but the said plaintiff, instead of following said instructions, continued to use, and insisted upon using, the large end of said bar in said jack, with the beveled side down. * * *"

The first count thus defines the defect complained of: "That the hoisting jack which the plaintiff was operating was not equipped with a reasonably sufficient appliance or lever for the proper control and operation of said hoisting jack." Manifestly, the *defect* charged is that the *jack* was defective. The *character* of the *defect* in the jack was that described in the first count. The issue, in this respect, tendered by the count comprehended and imposed upon the plaintiff the burden of show-

ing that the jack was, as alleged, insufficiently equipped, for its "proper control and operation."

From the evidence it appears that plaintiff suffered injury while operating the jack. The extent of his injury was a controverted issue on the trial. It was shown that the lever with which this and similar jacks were equipped was of wood, three or four feet in length, and conformed at one end to fit, down to a "shoulder," into the socket on the jack. The metal instrument used at the time of this injury was what is indifferently called in the evidence a "lining bar" or a "pinch or crow bar," the names being suggested by the formation of the bar at one end or the other and the purpose for which its respective ends was generally used in railroad work. The plaintiff and a fellow workman named Powell were operating the jack with the big end of the bar in the socket of the jack when the bar slipped out of the socket. Being then in the act of moving the bar resting in the socket by pressure of the weight of his body and of his muscular strength, the plaintiff fell in consequence of the slipping of the bar out of the socket. While one theory of the defendant was that the small end of the bar, when inserted in the socket, would have satisfactorily served the purpose of a proper lever, there was testimony to the contrary. For the purposes of present consideration and decision, that particular matter may be laid out of view.

Our conclusion, so far as the first count is concerned, is that the plaintiff's own testimony on the trial refuted a vitally material element of the issue tended, as stated and quoted, by that count. He was exhaustively examined by the respective counsel. He testified that the bar *itself* was not defective, and that the jack itself, aside from the lever for its operation, was not defective. He further testified that the bar described, with the big

end inserted in the socket and the *beveled side down,* was being used when he was injured; that Powell so placed the bar in the socket, and it was so located when he went to take a hand in its operation in accordance with his duty and at Powell's request. He further testified that "Mr. Cooper [defendant's foreman in charge of the hands and the trackwork at the time] did not tell Powell how to put it [bar] in there at all." He further testified: "If I had examined that bar before I took hold of it, I suppose I could have told how it was put in there. Of course, I knew I could. Of course, I could have told whether it was in there right or not. I did not examine it. If it had been put in there right, I don't think it would have slipped. If that [bar] had been in there right, it would have served the purpose without causing any injury. It would have done for the purpose of hoisting if it had been put in there right." He also testified: "I can't say whether there was any defect in the bar, only the shape it was put in there, the manner in which it was put in the socket. The bar was put in the socket with the bevel down, like it is now [a similar appliance being then exhibited]. That was not the proper way to put it in there. * * * I did not see that it was in that way at all until it was all done. I did not know which way it was put in there until after it came out. It would not have slipped out if it had been in the other way."

The plaintiff's own testimony is unmistakably conclusive, as far as he is concerned in the establishment vel non of the legal cause of his injury as that is charged in the first count, to these effects: (a) That the iron bar was, when *properly* inserted in the socket of the jack, which might be readily done, an *all*-sufficient lever for the purpose of operating the jack; (b) that, if actionable negligence affected the way or *manner* in which

the bar was inserted in the socket on this occasion, it was that of Powell, of whose neglect (if so) no complaint is made in the plaintiff's pleading.

The master in the selection or maintenance of his appliances, machinery, etc., is not an insurer against the servants's injury while in his service. The master's obligation is generally to exercise reasonable care and skill to afford reasonably safe appliances, etc., reasonably suitable for the purpose in view. It is the character and degree of care and skill that a reasonably prudent man would exert and exercise in similar circumstances. There is no imperative legal obligation on the master to furnish the latest devices or the best appliances for the servant's use.—Bailey on Master and Servant, § 56 et seq., and § 94 et seq.; *Huyck v. McNerney,* 163 Ala. 244, 50 South. 826; *Holland v. T. C. I. Co.,* 91 Ala. 450, 8 South. 534, 12 L. R. A. 232; *L. & N. R. R. Co. v. Andrews,* 171 Ala. 200, 208, 209, 54 South. 553.

The plaintiff's own testimony shows affirmatively that when properly *employed,* which might have been readily done, the bar was in fact sufficient for the purpose for which ordinarily the lever to a jack is intended. According to the positive testimony of the plaintiff himself, the fault (if so) here was the *manner* in which the big end of the bar was inserted in the socket; that if the beveled side thereof had not been put "down," the bar would have served the purpose. In this state of the plaintiff's own testimony, it is clear that he has not sustained the vitally material (quoted) averment of the first count, to say nothing of the possible inquiries that might arise out of pleading raising issues of due care, on the part of the servant, in inserting, as plaintiff asserts was done by Powell, the end of the bar in socket. Under the burden of proof resting on the plaintiff to support the stated material averment of the first count,

the defendant was entitled to the general affirmative charge, as to the first count, requested for and refused to it. For this error the judgment must be reversed.

For like reason, the general affirmative charge upon the second count, as requested, was defendant's due. Certainly, if the mere *manner* of the use of a sufficient bar as plaintiff affirms it was when properly used was the cause of its slipping from the socket, negligence of a superintendent, under the second subdivision of the Liability Act (Code 1910, § 3910) is not shown in any degree.

Also we should, we think, take occasion to say in response to some of the argument for appellee that there is in this record evidence tending to support every averment of fact set forth in special pleas 2 and 3. The legal sufficiency of these pleas is not presented and is not considered.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.

