(77 South. 65)

## HOLLAND–BLOW STAVE CO. v. SPENCER. (3 Div. 267.)

(Court of Appeals of Alabama. Nov. 13, 1917.)

1. MASTER AND SERVANT ⬤➾107(4)—INJURIES TO SERVANT—SAFE PLACE TO WORK—STATUTE — "WAYS, WORKS, MACHINERY, OR PLANT."

Where two carpenters employed by a stave company, plaintiff and another, were making repairs on one of the stave company's buildings and plaintiff's fellow servant, without any direction or suggestion from the superintendent, erected a scaffold for use in the work of repairing the building, such scaffold, which fell and injured plaintiff, was not a part of the "ways, works, machinery, or plant" connected with or used in the business of the master, within Code 1907, § 3910, subd. 1, providing that an employer is liable to an injured servant for injury caused by reason of any defect in the condition of the ways, works, machinery, or plant of the employer; "plant," in its ordinary sense, including whatever apparatus is used by a business man in carrying on his business, not his stock in trade, but what he keeps for permanent employment.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Machinery or Plant; Ways; Works; First and Second Series, Plant.]

2. MASTER AND SERVANT ⬤➾116(1)—INJURIES TO SERVANT — SAFE "PLACE" TO WORK — SCAFFOLD.

Such temporary scaffold was not a "place," within the common-law doctrine imposing a duty on the employer to provide the servant a safe place to work.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Place.]

3. MASTER AND SERVANT ⬤➾116(1)—INJURIES TO SERVANT—DUTY TO FURNISH SAFE "APPLIANCE" OR "UTILITY"—SCAFFOLD.

Such scaffold was not an "appliance," or "utility," within the meaning of the law imposing on the master the duty to exercise reasonable care in furnishing reasonably safe appliances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appliance; Utility.]

4. MASTER AND SERVANT ⬤➾185(10)—INJURIES TO SERVANT — FAILURE TO FURNISH SAFE APPLIANCES OR PLACE TO WORK—MASTER'S FURNISHING MATERIAL FOR SCAFFOLD.

Where a stave company furnished to its two carpenters, engaged in repairing its building, suitable materials with which to construct a scaffold or staging, and one of the carpenters constructed a scaffold so defective that it fell and injured the other, the stave company was not liable on the ground that it did not furnish reasonably safe appliances or a safe place to work.

5. MASTER AND SERVANT ⬤➾190(12) — INJURIES TO SERVANT—NEGLIGENCE IN SUPERINTENDENCE—LIABILITY.

Where the material furnished for scaffolding in the repair of the employer's building was not suitable, and the scaffold was too heavily loaded by lumber placed thereon under the supervision of one carpenter, who was intrusted with superintendence over the work, there was negligence in respect to superintendence of the work, entitling the other carpenter, injured by the collapse of the scaffold, to recover of the employer.

Appeal from City Court of Montgomery; Gaston Gunter, Judge.

Action by Will Spencer against the Holland-Blow Stave Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count declares as for a defect in the condition of the ways, works, machinery, or plant used by defendant in its said business. The second count declares that for negligence of defendant in failing to provide plaintiff with a reasonably safe place in which to do his work under his employment. The third count declares upon the negligence of one John Thompson, then and there in superintendence of plaintiff, to whose orders plaintiff was bound to conform and did conform.

Rushton, Williams & Crenshaw, of Montgomery, for appellant. L. A. Sanderson and Hill, Hill, Whiting & Stern, all of Montgomery, for appellee.

BROWN, P. J. The questions presented by the assignments of error predicated on the refusal of the affirmative charge to the defendant as to the first and second counts of the complaint are: (1) Was the scaffold in question, and which fell and injured the

plaintiff, a part of the defendant's "ways, works, machinery, or plant connected with, or used in the business of, the master," within the meaning of subdivision 1 of section 3910 of the Code? and (2) was this scaffold a place within the common-law rule that imposes on the master the nondelegable duty of furnishing the servant a safe place to do his work?

The plaintiff at the time of his injury was engaged in assisting one Thompson, a carpenter and fellow servant of the plaintiff in making repairs on one of the defendant's buildings; the repair work consisting of nailing strips of lumber over the cracks in the side of the building, and incident to his work Thompson, who was directed by Foley, the superintendent of the plant, to do the work, and who, as some of the evidence tended to show, was "the boss of this job," constructed a temporary scaffold along the side of the building, from materials furnished by the defendant, using for the girders or cross-pieces on which the floor of the scaffold rested ordinary flooring, 3½x⅞ inches, which were fastened at one end to the building and at the other to upright scantling, using for the flooring of the scaffold 2x10's, which were placed across the 3½x⅞-inch girders. The plaintiff's evidence tends to show that, after Thompson had constructed the scaffold, the plaintiff was sent by Foley to assist Thompson in carrying on the work of stripping the building, and after the lumber to be used in the work of stripping the building had been placed upon the scaffold, and while the plaintiff and Thompson were on the scaffold engaged in the work, the scaffold fell and injured the plaintiff. The evidence tends to show that the scaffold was caused to fall from one or the other of three causes—that the girders were not securely fastened to the building, or that the scaffold was overloaded with the lumber that was placed upon it, or that the lumber used for the girders between the uprights and the building was not strong enough for such use.

The evidence is without conflict that the scaffold was the creation of Thompson, without any direction or suggestion from the defendant's superintendent, Foley, and that Foley had no knowledge of its existence until it fell and injured the plaintiff, and that the scaffold was constructed for the sole purpose of being used in the work of repairing this building. There is no evidence showing, or tending to show, that the defendant or its superintendent undertook to furnish this scaffold as a finished utility or appliance for use in this work.

[1] It is quite clear that this temporary scaffold was not a part of the "ways, works, machinery, or plant" within the purview of the statute. It was altogether lacking in any degree of permanency, a characteristic essential to constitute it a part of the works or plant. " 'Plant,' in its ordinary sense, includes whatever apparatus is used by a business man in carrying on his business—not his stock in trade, which he buys or makes for sale, but goods or chattels, fixed or movable, live or dead, which he keeps for permanent employment in his business." Yarmouth v. France, 19 Q. B. § 645; Eng. Rul. Case, 217; Sloss-Sheffield S. & I. Co. v. Mobley, Adm'r, 139 Ala. 425, 36 South. 181; Huyck v. McNerney, 163 Ala. 244, 50 South. 926; Riddle v. Bessemer Soil Pipe Co., 170 Ala. 559, 54 South. 525; Employers' Liability, Dresser, p. 228, § 46.

[2, 3] It is likewise clear that the temporary scaffold was not a place within the common-law doctrine imposing a duty on the master to provide the servant a safe place to do the work, nor can it be characterized as an appliance or utility, within the meaning of the law imposing on the master the duty of exercising reasonable care in furnishing reasonably safe appliances. L. & N. R. R. Co. v. Bontrager, 186 Ala. 181, 65 South. 28. It was rather an incident to and part of the work in hand—an expedient created by a fellow servant of his own volition, and without any suggestion or direction from the master or its alter ego.

The following excerpt from the opinion of the Circuit Court of Appeals of the Sixth District, speaking through Lurton, J. (late Associate Justice of the Supreme Court of the United States), clearly states the law applicable to the case in hand:

"There is a line of cases holding that when the employer furnishes suitable materials, and the workmen themselves construct a scaffolding or staging as a part of the work which they undertake to perform, and build it according to their own judgment, the employer is not liable for an injury to one of their own number, sustained in the subsequent use of the structure, in consequence of negligence in construction. The erection and re-erection of such a staging as the work requiring its use progresses, being itself a part of the very work which the employés are to do, takes it without the general rule in respect to the duty of the master to exercise reasonable care to furnish a reasonably safe place and appliances. Am. & Eng. Ency. Law, vol. 20, p. 82; Kimmer v. Weber, 151 N. Y. 417, 421, 45 N. E. 860, 56 Am. St. Rep. 630; Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; Killea v. Faxon, 125 Mass. 485. But the rule is quite otherwise if the employer himself undertake to furnish such scaffolding for the men who are to work thereon. In such case the duty is one of those positive duties of the master toward the servant, which cannot be discharged by the substitution of a competent agent. The act or service to be done is that of furnishing a reasonably safe place or appliance, and negligence in the doing of such a service is the negligence of the master, without regard to the rank of different employés. Conner v. Pioneer Co. (C. C.) 29 Fed. 629; McNamara v. MacDonough, 102 Cal. 575, 36 Pac. 941; Coughtry v. Globe Woolen Co., 56 N. Y. 124, 15 Am. Rep. 387; Kimmer v. Weber, 151 N. Y. 417, 45 N. E. 860, 56 Am. St. Rep. 630; Bowen v. C., B. & K. C. Ry., 95 Mo. 268, 8 S. W. 230; Mulchey v. Methodist Society, 125 Mass. 487; C. & A. R. Co. v. Maroney, 170 Ill. 520, 48 N. E. 953, 62 Am. St. Rep. 396; Behm v. Armour, 58 Wis. 1, 15 N. W. 806; Austin Mfg. Co. v. Johnson, 89 Fed. 677, 32 C. C. A. 309; Am. & Eng. Ency. Law, vol. 20, p. 81; Labatt, Master & Servant, 614 et seq."

Chambers v. American Tin Plate Co., 129 Fed. 562, 64 C. C. A. 130.

See, also, 1 Bailey, Personal Inj. *198; Labatt, Master & Servant, §§ 1445-1548; Noonan v. Foley, 217 Mass. 566, 105 N. E. 558, L. R. A. 1915F, 1036; Burns v. Washburn, 160 Mass. 457, 36 N. E. 199; Adasken v. Gilbert, 165 Mass. 443, 43 N. E. 199.

[4] For the reasons stated, the opinion prevails that the court erred in refusing the affirmative charges requested by the defendant as to the first and second counts of the complaint.

[5] That the evidence authorized the submission of the case to the jury on the other count seems to be conceded, and in view of the tendency of the evidence that the material furnished for scaffolding was not suitable for the purpose, and the evidence tending to show that the scaffold was too heavily loaded by the lumber placed thereon under the supervision of Thompson, and the evidence tending to show that Thompson was intrusted with superintendence over this work, it might be said that there was negligence in respect to superintendence of the work. Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 South. 804; Woodward Iron Co. v. Johnson, 150 Ala. 365, 43 South. 186; Sloss-Sheffield Steel & Iron Co. v. Green, 159 Ala. 178, 49 South. 301; Brady v. Norcross, 174 Mass. 442, 54 N. E. 874; Copithorne v. Hardy, 173 Mass. 400, 53 N. E. 915; Reynolds v. Barnard, 168 Mass. 226, 46 N. E. 703; Labatt, Master & Servant, § 1435.

Reversed and remanded.