## Parke *against* Lowrie.

The relation which exists between a notary and the holder of a negotiable note, with regard to the protest of the note and notice to the endorsers, is that of principal and agent, and no more strict performance of duty is required of the former than is indicated by the uniform practice of the place where the note was protested.

ERROR to the District Court of *Allegheny* county.

James Parke against Matthew B. Lowrie. One Waters drew a promissory note dated Pittsburgh, 8th April 1839, payable to the order of Armorer, who endorsed the same to Ingersoll, who endorsed the same to Roseburg, who endorsed the same to the plaintiff, who placed the same in the Merchants' and Manufacturers' Bank for collection. The note was not paid at maturity, but placed in the hand of the defendant, who was a duly commissioned notary public, for protest and notice. The note was duly protested, after the notary had exhibited the same at the bank in Pittsburgh, and to sundry persons in the city, and he gave notice to the endorsers. The drawer did not reside in Pittsburgh, but in the county of Allegheny, and his place of residence was known to the defendant, but no demand was made of him there. The endorsers, in a suit by the present plaintiff, were relieved from their

[Parke v. Lowrie.]

endorsement by the fact that no legal demand was made of the drawer; and this was an action against the defendant, who was the notary, for negligence in not making a demand of the drawer. The testimony on the part of the defendant was indisputable, that it had never been the usage, in Pittsburgh, for notaries to go out of the city to make a demand of the drawer, and the question was, whether this was a sufficient defence in this action.

GRIER (President) instructed the jury that it was, and directed a verdict for the defendant.

*M'Candless*, for the plaintiff in error, cited 6 *Binn*. 312; 4 *Johns*. 84; 5 *T. R*. 150; 1 *Marsh*. 298.

*Lowry*, contra, cited 4 *Whart*. 113; 22 *Wend*. 226, 241; 6 *Whart*. 415; 3 *Whart*. 116; 4 *Burr*. 2060: 28 *Com. L. R*. 313; 34 *Ibid*. 88; 8 *Mass*. 57.

PER CURIAM.—A protest is not necessary to charge the endorser of a promissory note; and the intervention of a notary is sanctioned, not enjoined, by the statute, which makes his act evidence of demand and notice of dishonour. When the holder, therefore, chooses to employ him instead of a private person, the law of responsibility between them is the law of principal and agent, or master and servant. It was effectively held so in *Bellemire* v. *The Bank of the United States*, (4 *Whart*. 105). What, then, was the defendant employed to do? Just as much as it was customary for other notaries to do; and it is not pretended that he did less. The proof was full and uncontradicted, that the usage was not to go beyond the bounds of the city. The usage was his instruction; and if more had been expected of him, he ought to have been specially directed. Had he undertaken the business on special terms, he would have been bound to the extent of them; but as he undertook it on the basis of the practice, no more than the duties indicated by the practice could be required of him.

Judgment affirmed.