## EASON *vs.* ISBELL.

[BILL OF EXCHANGE—NOTARY.]

1. *Notary is an agent of holder of commercial paper; son may act for his father in notarial capacity.*—The relation which exists between a notary and the holder of commercial paper, with regard to the protest thereof, and notice to the drawer or endorser, is that of principal and agent ; and a son of the holder of such paper, if he be a notary, may act as agent of his father in his notarial capacity.

2. *Appellant confined to objections made in court below.*—The appellant must confine himself to the specific grounds of objection to the introduction of evidence, stated by him in the court below, and will be held to have waived all others than those thus stated by him.

3. *Bill of exchange; holder must present for payment at place designated.* The holder of a bill of exchange, is only bound to present the bill at the place designated for payment.

APPEAL from the Circuit Court of Talladega.
Tried before Hon. JOHN HENDERSON.

THIS action was brought by the appellee against the appellant ; was commenced on the 26th day of April, 1866, and was founded on a bill of exchange for $1,000, drawn by the appellant, on, and accepted by one F. M. Thomason, in favor of and endorsed by Taul Bradford, dated December 26th, 1860, at sixty days, payable at the office of James Isbell, Talladega, Alabama. The facts, as set out in the bill of exceptions, are sufficiently stated in the opinion of the court. The charge of the court excepted to by the defendant, was as follows : "That under the evidence, the plaintiff was entitled to recover the sum specified in the face of the bill of exchange, with five per cent. damages on said sum, and interest thereon, at eight per cent. per annum, from the maturity of the bill, to date, and also the expenses of protest."

JOHN T. HEFLIN, for appellant.
M. H. CRUIKSHANK, *contra.*

Eason v. Isbell.

JUDGE, J.—The bill of exceptions states that, "to the reading of the bill of exchange and the protest as evidence to the jury, the defendant objected severally, on the ground that Robert H. Isbell, the notary public who made the protest is a son of James Isbell, the plaintiff; that the plaintiff admitted that said Robert H. Isbell is a son of James Isbell, the plaintiff; and that the defendant also objected to said protest on the ground that it was otherwise insufficient."

No specific objection was made to the introduction of the evidence, on the ground of a variance between the bill as described in the complaint and that offered in evidence with the protest; and the appellant must be confined in this court to the specific grounds of objection stated by him in the court below, and must be held to have waived all other grounds of objection to the introduction of the evidence.—*Creagh v. Savage*, 9 Ala. 959; *Walker v. Blassingame*, 17 Ala. 810; *King v. Pope*, 28 Ala. 601; *Lesslie v. Sims*, in manuscript.

The grounds of objection taken in the court below, are untenable.. The relation which exists between a notary and the holder of commercial paper, with regard to the protest thereof, and notice to the drawer or endorsers, is that of principal and agent.—*Parke v. Lowrie*, 6 Watts & Serg. 507. And we can conceive of no good reason why one who occupies the relation of son to the holder of such paper, if he be a notary, may not act as the agent of his father in his notarial, as well as in any other lawful capacity.

The protest correctly described the bill offered in evidence, and seems to have been in all respects sufficient.

The holder of a bill of exchange, is only bound to present the bill at the place designated for payment.—*Evans v. St. John*, 9 Porter, 186; Chitty on Bills, m. p. 366. The protest shows that such a presentment was made in this case.

The charge of the court was free from error.—Code, §§ 863–1538.

Judgment affirmed.