# Mansfield *v.* Morgan.

### *Action for Breach of Contract.*

1. *Contract for boring a well; sufficiency of complaint for breach thereof.*—A count of a complaint which seeks to recover damages for the breach of a contract to bore a well, which avers that on a certain date the defendant contracted with the plaintiff to bore him a well, in which contract it was agreed that defendant was to pay plaintiff $1.00 per foot for said boring, and drilling through the dirt until rock was struck, and after that $2.00 per foot, and the breach assigned is that the plaintiff bored or drilled for the defendant the said well, to the depth of 95 feet, 3 feet of which was through dirt, and 92 feet of which was through rock and other substance, and that the defendant had failed and refused to pay for same, such count is not subject to demurrer upon the grounds that it does not set out the contract in words and figures, or that it

[Mansfield v. Morgan.]

does not show that the plaintiff procured water in such well.

2. *Contract for services rendered; charge in reference thereto.*—In an action to recover for services rendered, a charge asserts a correct proposition of law and is correctly given, when there is proof of facts tending to support it, which instructs the jury that "Where in the absence of an express contract valuable services are rendered by one person to another, which are knowingly accepted, the law will presume an obligation to pay therefor what they are reasonably worth."

3. *Action for breach of contract for boring a well; charge in reference thereto.*—In an action to recover damages for the breach of a contract for the boring of a well where the breach complained of is that the defendant did not pay plaintiff for the boring of said well, and there is evidence tending to show that after the well was bored, quite a depth and water was not found, and that thereupon, at the defendant's suggestion, the plaintiff bored another well and obtained water, where the court instructs the jury for the defendant, that there was no proof that defendant ever received any benefit from the first well, which was the well involved in the suit, it is not error for the court upon the request of the plaintiff, to instruct the jury that "It makes no difference whether the defendant received any benefit from the first well or not, if defendant consented, expressly or impliedly, that plaintiff should bore the second well."

4. *Charge of court to jury; not erroneous for omitting the words "from the evidence."*—In the trial of a civil case, a charge which instructs the jury that "If you believe that the defendant," etc., is not faulty, because it omits the words "from the evidence," after the word "believe."

5. *Pleading and practice; count for money paid at defendant's request; charge in reference thereto.*—Where one of the several counts of a complaint in a civil action seeks to recover money alleged to have been paid by plaintiff for defendant, at his request, if there is no evidence that plaintiff ever paid money for the defendant, or that he had ever requested him to do so, the court should, at the request of the defendant, instruct the jury that they should find for the defendant upon said count.

6. *Action for breach of contract for boring well; charge of court to jury.*—In an action to recover damages for the breach of contract in the boring of a well in that the defendant failed to pay the plaintiff for the boring of said well in accordance with the contract which provided that he was to pay $1.00 per foot for boring through dirt until the rock was struck, and after that $2.00 per foot for the remaining number of feet that plaintiff might bore, and the evidence introduced for the plain-

[Mansfield v. Morgan.]

tiff tended to show the number of feet of dirt which he bored before he struck rock, and also the number of feet he bored through rock and other substance, charges requested by the defendant which predicate the plaintiff's right of recovery, upon the jury ascertaining from the evidence how many feet plaintiff bored through rock and how many feet he bored through other substance, are erroneous and properly refused.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, Charles Morgan, against the appellant, Henry Mansfield. The complaint in this case contained five counts. The first and second seek to recover for the breach of a contract, and the third, fourth and fifth are common counts. The plaintiff demurred to the several counts of the complaint, but only the demurrers to the first count are here insisted on. This count and the demurrer thereto are sufficiently shown in the opinion. The pleas were the general issue, and special pleas setting up that it was one of the conditions of the contract that the plaintiff was to procure water sufficient to supply six or seven families, and this was not done, and further that the plaintiff could have procured water after boring down a certain distance by putting in a shot and blasting the rock, but he negligently failed to do this, and voluntarily bored in another place for which latter, he received payment.

The plaintiff introduced evidence to the effect that on the 7th of May, 1903, he made a contract with the defendant to bore a well for him, for which defendant was to pay him one dollar per foot for boring through dirt and two dollars per foot for boring through rock, and he bored three feet through dirt and ninety-two feet through rock, and the defendant did not pay him anything for it; and that after going a certain distance he changed the place and bored a new well, at the instance of the plaintiff, for which second well he was paid.

The defendant introduced evidence to the effect that it was a part and a condition of the contract that the plaintiff was to procure water for the defendant for six or seven houses or families, and that he was not to be

paid until he procured water sufficient for the said purpose, and that he did not direct the plaintiff to cease boring at the first well and to bore the second well; that he paid for the second well, but did not pay for the first well for the reason that the plaintiff did not procure water in accordance with his contract, and the said first well was of no benefit to him, for the plaintiff plugged it up, and instructed him to keep it plugged up.

The other facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the following written charges: (1.) "I charge you, gentlemen of the jury, that where, in the absence of an express contrict, valuable services are rendered by one person to another which are knowingly accepted, the law will presume an obligation to pay therefor what they are reasonably worth." (3.) "I charge you, gentlemen of the jury, that it makes no difference whether the defendant received any benefit from the first well or not, if defendant consented expressly or impliedly that plaintiff should bore the second well." (4.) "I charge you, gentlemen of the jury, if you believe that the defendant, Mansfield, after being advised by the plaintiff Morgan, that it would be best to begin boring in a new place, sent for a man to locate said new place, that the man sent for did locate a new place, at the defendant's instance and request, and that the plaintiff, acting upon defendant's conduct, bored or drilled a second well at said new place, with defendant's knowledge and consent, even though said consent be implied from defendant's conduct, you will find for the plaintiff."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following written charges requested by him: (1.) "If the jury believe the evidence, they cannot find a verdict for the plaintiff under the third count of the complaint." (2.) "If the jury believe the evidence, they cannot find a verdict for the plaintiff under the fourth count of the complaint." (3.) "If the jury believe the evidence, they cannot find

[Mansfield v. Morgan.]

a. verdict for the plaintiff under the 'fifth count of the complaint." (4.) "Gentlemen of the jury, I charge you, that even if you find a verdict for the plaintiff, you must be reasonably satisfied from the evidence how much boring was done through dirt, and how much boring was done through rock, and if you can not determine from the evidence how much boring was done through rock, then you cannot find a verdict for the plaintiff was boring through rock." (4 1-2.) "I charge you, gentlemen of the jury, that the complaint in this case is based upon a contract for boring through dirt at so much a foot and boring through rock at so much a foot, and unless you are reasonably satisfied from the evidence how much boring was done through rock, you can not find a verdict for boring through rock, as your verdict must be based upon the testimony and not upon mere surmise or guess work." (5.) "I charge you, gentlemen of the jury, that even if you find from the evidence that plaintiff bored through substance other than rock or dirt, but cannot find from the evidence how many feet the plaintiff bored through such other substance, then you cannot assess any damages for boring through such other substance." (6.) "I charge you, gentlemen of the jury, that there is no proof in the case that plaintiff was to be paid for boring through anything except rock and dirt, and if he bored through any other substance, the plaintiff can not be awarded any damages for boring through such other substance."

There were verdict and judgment for the plaintiff, assessing his damages at $187. The defendant appeals and assigns as error the several rulings of the trial court, to which exceptions were reserved.

A. O. LANE, for appellant.—The 4th charge requested by the plaintiff is erroneous in that it is not predicated upon the belief of the jury from the evidence, but merely up the jury's belief.—*Drennen v. Satterfield,* 119 Ala. 84. Charges 4 and 4 1-2 assert a correct proposition. The contract states that the plaintiff was to be paid so much per foot for boring through dirt, and if the jury were unable to determine from the evidence how much

boring was done through rock, how can the jury intelli-
gently render a verdict for that kind of work?—*Buist v.
Guice,* 96 Ala. 255.

CHARLES SCOTT ELLIS, *contra.*—If there was error in
the courts's refusal to give the 3d charge requested by
the defendant, it was error without injury.—*Capital
City Water Co. v. National Meter Co.,* 89 Ala. 401; *Ste-
phens v. Regenstein & Co.,* 89 Ala. 561; *Pritchett v. Pol-
lock & Co.,* 82 Ala. 169; *Bozeman v. Bozeman,* 83 Ala.
416.

HARALSON, J.—1. The complaint contained 5
counts, the first and second being for the breach of a
contract by defendant to bore a well for plaintiff, and
the third, fourth, and fifth, being the common counts.
The first and second were demurred to, and the demur-
rers overruled. Error for overruling the demurrer to
the first count is alone insisted on. That count sets up
a contract on the part of the defendant with plaintiff,
dated the 7th of May, 1903, to bore him a well, by which
it was agreed "that defendant was to pay to plaintiff
one dollar per foot for said boring and drilling through
the dirt,—that is, until the rock was struck,—and after
that, two dollars per foot, for the remaining number of
feet that plaintiff might bore or drill." The breach as-
signed is, that plaintiff "bored or drilled for defendant
the said well to the depth of ninety-five (95) feet, to-
wit, three (3) feet through the dirt, and ninety-two (92)
feet through rock and other substances, but that defend-
ant refused and still refuses to pay for the same." The
amount claimed was $187.00.

The demurrer questioned the count, in that it did not
set out the contract in words and figures. This was un-
necessary, if the substance of the contract was definite-
ly stated, which seems to have been done.

The second and third grounds of demurrer, were, in
substance, that the count shows, that the plaintiff was to
bore a well, and does not show that defendant was to
procure water, and from aught that appears, plaintiff
was to do nothing except to bore or drill a hole in the

[Mansfield v. Morgan.]

ground.   The demurrer proceeds on the presumption, that a well, *ex vi termini,* implies that water was to be procured and supplied in its boring, and plaintiff should have averred that it was procured.   The parties, of course, did not know to what depth the well would have to be bored to procure water, and there was no guarantee, so far as appears from the contract as stated, that the plaintiff was to bore to an indefinite depth without receiving any compensation for his labor, if water was not procured.   What has been said disposes of the other ground of demurrer.

2. Charge one for plaintiff states generally, a correct proposition of law, and there was proof on which to predicate it, and from which it could be inferred that defendant accepted the services rendered.   After plaintiff had bored ninety-five feet, defendant said to him, as the evidence tends to show, that there was a bad show for water, and advised that plaintiff "go into another hole," or bore in another place, which he did, after a water-witch had located the spot to bore.   The evidence conflicts as to whether the plaintiff or defendant engaged the water-witch, but it seems certain, that the spot was located by him, and plaintiff bored the second well at that spot, and obtained an abundance of water at the depth of about fifty-one feet.

Charge 3 for plaintiff appears to be without fault. The court charged the jury for defendant that there was no proof that defendant ever received any benefit from the first well.   This charge explains such an instruction, which was proper, that if defendant consented to the boring of the second well, he would be liable for the first, whether water was obtained or not.   If the defendant had bored a number of different holes before procuring water, he would have been liable for boring them all, unless he had by the terms of his contract, limited plaintiff to boring at one place, and protected himself by a guarantee of water.

Charge 4 is not bad because it omitted the words, "from the evidence," wherein it instructed the jury, "if you believe that defendant," etc.   If defendant apprehended injury from the omission of these words, an ex-

[Mansfield v. Morgan.]

planatory charge should have been requested.—*Hall v. Posey*, 79 Ala. 84. The charge dealt with evidence that was conflicting,. recited it correctly, and which, if they believed it, they were justifiable in finding for the plaintiff.

3. The fifth count is for money—$187.00—paid by plaintiff for defendant. on, to-wit, the 7th of May, 1903, at his request. There was no evidence that plaintiff ever paid anything for defendant, or that he had ever requested him to do so. Under such conditions, the 3d charge, requested by defendant,—that if the jury believe the evidence, they could not find a verdict for plaintiff under the 5th count,—should have been given. The fact that the jury might have found for plaintiff under other counts, did not cure the error, on the score that the refusal to give the charge was error without injury, as is contended by counsel for plaintiff.

The 4th, 4 1-2 and 6th charges for defendant were properly refused. The contract as alleged was not, as assumed, so much for boring through rock. It was one dollar per foot for boring through dirt, until the rock was struck, and after that, two dollars per foot for the remaining number of feet that plaintiff might bore, and the breach alleged is, that plaintiff bored ninety-five feet in all, three feet through dirt and ninety-two feet through rock and other substances, for boring of which number of feet defendant refuses to pay. The evidence tended to show the performance of the contract as laid.

For the refusal to give charge 3 for defendant, the judgment is reversed.

Reversed and remanded.