40 So.2d 866

**RUDMAN et al. v. HOOKS et al.**

**3 Div. 513.**

Supreme Court of Alabama.

May 19, 1949.

Robert H. Jones, of Evergreen, for appellant.

C. B. Fuller, of Andalusia, for appellees Hooks.

B. E. Jones, of Evergreen, for appellee Arkansas Fuel Oil Co.

LIVINGSTON, Justice.

Complainants are the owners of one hundred and eighty-eight acres of land located in Conecuh County, Alabama. On or about July 31, 1944, they executed and delivered to one Loy D. England an oil lease on said lands. On a later date this lease was transferred and assigned to the Arkansas Fuel Oil Company, a corporation. In substance, the lease so far as here pertinent gave to the lessee the right to prospect for gas, oil and other minerals on said lands for a period of ten years, with certain renewal rights; and in the event gas, oil or other minerals were discovered and produced, the lessor was to receive as royalties an eighth part of the gas or oil, a half part of other minerals, except sulphur, as to which the royalties were fixed at fifty cents per long ton.

On February 5, 1945, complainants for and in consideration of a recited consideration of $188 executed and delivered to respondent M. B. Rudman an instrument designated "mineral right and royalty transfer," conveying to him the fee simple title to an undivided half interest in all minerals on and under complainants' land; an undivided half interest in all rentals and royalties and other benefits accruing or to accrue from said oil, gas and mineral lease aforesaid, as well as other property rights and interest in complainants' land. On the same date complainants executed and delivered to respondent another instrument designated a "certificate of ratification of mineral right and royalty transfer." This instrument certifies that the signors, Mr. and Mrs. Hooks have read or had read to them, the deed which they signed and understand its legal effect.

Complainants filed their bill in the Circuit Court of Conecuh County in Equity, to set aside, cancel and hold for naught the instrument designated "mineral right and royalty transfer" because of the alleged fraud and misrepresentation practiced upon them

by Rudman in procuring their signatures thereto.

In substance, the bill alleges that respondent Rudman represented to complainants that he desired to purchase a half interest in their royalty rights reserved under the lease agreement with Loy D. England, and was willing to pay therefor the sum of $188; that they agreed to sell such rights for that price; that Rudman prepared the instrument designated "mineral right and royalty transfer," and they signed it; that they did not read the instrument nor have it read to them; that they relied solely upon the representations of Rudman as to the contents of the instrument; that said representations were false; that in truth and in fact the instrument signed by them conveyed to Rudman the fee simple title to an undivided one-half interest in all the mineral rights, rentals and royalties and other benefits accruing or to accrue to complainants under the lease to Loy D. England; that complainants did not know of the fraud practiced upon them until they received a rental check from the Arkansas Fuel Oil Company, the assignee of England, for one-half of the annual rent agreed to be paid under the provisions of the oil lease to England, the other half having been paid to Rudman. That upon investigation, they found out the nature, terms, stipulations and agreement contained in the "mineral right and royalty transfer" conveyance to Rudman. This suit was instituted within two or three months after complainants learned of the alleged fraud. Complainants offered to refund the amount received from Rudman, less the amount received by him from the Arkansas Fuel Oil Company.

The Arkansas Fuel Oil Company, a corporation, was made a party respondent for the purpose of preventing further payment of rentals to respondent Rudman. That corporation answered and made its answer a cross bill. It offered to pay the rentals into court and to abide by the decision of the court as to the rightful owner thereof. By agreement of the complainants and respondent Rudman, this procedure was accepted and no decision is necessary as to the rights of the Arkansas Fuel Oil Company.

In short, Rudman's answer is a denial of the misrepresentations and fraud alleged in the bill of complaint.

All of the witnesses, with the exception of Rudman, were examined orally before the trial court.

The trial court entered a decree to the effect that the signatures of complainants to the instrument designated "mineral right and royalty transfer" were obtained through the misrepresentation and fraud of Rudman, and declared said instrument null and void.

The evidence is in direct conflict as to the material issues of misrepresentation and fraud. Complainants testified that respondent Rudman represented to them that he wished to buy from them a half interest in their royalties only, if and when they became entitled to such royalties under the oil lease with England; that they agreed to sell such interest only; that Rudman represented to them that the instrument designated "mineral right and royalty transfer" contained such agreement only; that they did not read the paper signed by them nor did they have it read to them, but instead relied upon Rudman's word as to its contents. This Rudman denied in its entirety. Clearly, the testimony presented a question of fact for the trial court.

Section 108, Title 7, Code, reads:

"Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."

The culpability which stamps misrepresentations of material facts as an inducement to action by another as a "legal fraud," as defined by the foregoing section, is in the assertion of that to be true which is not true, when made to be relied on and which is relied on to the injury of the party misled thereby. Hudson v. Moore, 239 Ala. 130; 194 So. 147; Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

The question was one for the determination of the trial court. We are not willing to say that error intervened.

Affirmed.

BROWN, SIMPSON, and STAKELY, JJ., concur.