88 So.2d 354

**T. D. LITTLE et al.**

v.

**Frank L. REDDITT.**

3 Div. 761.

Supreme Court of Alabama.

June 14, 1956.

372

Hugh M. Caffey, Jr., Brewton, and God-bold & Hobbs, Montgomery, for appellants.

Brooks & Garrett, Brewton, for appellee.

GOODWYN, Justice.

This is an appeal by the complainants below from a decree sustaining demurrer to a bill for declaratory judgment.

The bill seeks a decree declaring null and void a purported option for renewal of a lease on real estate because of an absence of any lawful consideration therefor.

In substance, the facts alleged in the bill are as follows:

On February 1, 1946, one Claribel Mason Harb leased the premises from complainants' predecessor in title for a ten-year term ending on January 31, 1956. On February 27, 1948, the said Claribel Mason Harb and complainants' predecessor in title executed the following instrument:

"The undersigned Anna L. Mason and F. H. Mason, hereinafter called Landlord, and Claribel M. Mason [Harb], hereinafter called Tenant, agree that paragraph 2 of that certain lease agreement executed between the landlord and the tenant on February 1, 1946, respecting real estate in the City of Brewton, Alabama, and particularly described therein, be amended by adding thereto the following words and figures:

" 'In further consideration of said rental the landlord gives and grants unto the tenant the option and privilege of renewing or extending this lease and the term thereof after the expiration of the original term, for a period of from one (1) to ten (10) years, as may be desired by the tenant; said option to be exercised either by her holding over or by a written notice to the landlord, or his or her heirs or personal representatives, given at least thirty (30) days prior to January 31, 1956.' "

On August 12, 1948, the respondent acquired from Claribel Mason Harb all of her rights under the lease and purported option agreement.

The position taken by complainants is that there was no lawful consideration for the purported option agreement, "which fact is apparent from the instrument itself", and that for this reason said agreement is void.

The bill appears to have been filed on November 16, 1955, prior to the expiration of the ten-year term of the original lease.

**374**

The bill alleges that complainants "have communicated to respondent that Exhibit 'B' is void as to the agreements contained therein and have offered to negotiate a new lease with respondent prior to the expiration of the lease attached hereto as Exhibit A but respondent has failed and refused to negotiate with complainants and has communicated his intention to remain in possession of the leased premises under the terms of the instrument attached hereto as Exhibit 'B'."

There appears to be no question that the bill presents a bona fide justiciable controversy which should be settled. A threshold question, therefore, is whether it was appropriate to sustain the demurrer.

If a bill for declaratory relief states the substance of a bona fide justiciable controversy, which should be settled, it is sufficient to withstand a demurrer directed to it. In such situation the demurrer should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. This is to say that the test of the sufficiency of such a bill is not whether it shows that the complainant will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Curjel v. Ash, 263 Ala. 585, 83 So.2d 293, 296; Curjel v. Ash, 261 Ala. 42, 45, 72 So.2d 732; Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R. 2d 1100; Carter Oil Co. v. Blair, 256 Ala. 650, 57 So.2d 64, 66; White v. Manassa, 252 Ala. 396, 399, 41 So.2d 395; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658; Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851; McCall v. Nettles, 251 Ala. 349, 37 So.2d 635; Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; Gilmer v. Gilmer, 245 Ala. 450, 17 So.2d 529; Anderson's Declaratory Judgments, 2d Ed., § 318, p. 743. However, both parties have requested that we determine the validity of the option agreement on this appeal. And since it appears that a question of law only is presented, which will settle the controversy, we will pass on it at this time. Wade v. Bragg, Ala.Sup., 86 So.2d 829, 830 [1]; Mobile Battle House v. City of Mobile, 262 Ala. 270, 272, 78 So.2d 642; Water Works and Sanitary Sewer Board v. Campbell, 262 Ala. 508, 510, 80 So.2d 250; Atkins v. Curtis, 259 Ala. 311, 314, 66 So.2d 455.

The position taken by respondent is that, in executing the writing embracing the option, the parties to the original lease agreement thereby modified or altered its provisions by mutual consent, the original lease agreement at the time being executory; that the consideration for such modification or alteration was the mutual assent of the parties, and that no new or additional consideration was required to make the option binding on the parties and their successors in interest. The following cases are cited in support of this insistance, viz.: Grady v. Williams, 260 Ala. 285, 70 So.2d 267; Spry v. Pruitt, 256 Ala. 341, 54 So.2d 701; Spencer v. Richardson, 234 Ala. 323, 175 So. 278; E. T. Gray & Sons v. Satuloff Bros., 213 Ala. 526, 105 So. 666; Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552; Dickey v. Vaughn, 198 Ala. 283, 73 So. 507; Wellden v. Witt, 145 Ala. 605, 40 So. 126; Mylin v. King, 139 Ala. 319, 35 So. 998; Dunaway v. Roden, 14 Ala.App. 501, 71 So. 70.

Respondent takes the further position that an actual consideration for the option, referred to in argument as "the amendment to the lease agreement," is shown by the recital that the option is given "in further consideration of said rental"; that the consideration for an option agreement need not be more than nominal, and that a recited valuable consideration, whether adequate or not, makes the option binding. In support of this, the following cases are relied on, viz.: Bethea v. McCullough, 195 Ala. 480, 70 So. 680; Ross v. Parks, 93 Ala. 153, 8 So. 368, 11 L.R.A. 148.

Respondent refers to the 1948 writing as an "amendment" of the 1946 agreement.

1. Post, p. 239.

But the later writing contains no provision changing the terms or conditions of the earlier agreement in any respect. The later writing does no more than grant an option to renew or extend the 1946 lease. In no way does it modify, amend or change said lease. To the contrary, the original lease continued in full force and effect without change. Clearly, it seems to us, the 1948 writing, although in the form of an amendment to the 1946 agreement, is not, in fact, amendatory of said agreement at all, within the mutual consent rule relied on by respondent.

While it would have been perfectly proper to have included the option provision in the original lease, and if included therein it would have been supported by consideration, we do not think the option here is so supported.

■ If the 1948 writing could be said to be based upon consideration, it became an option contract and, as such, irrevocable. On the other hand, if not supported by a consideration it was a mere offer by the landlord to the tenant, which was revocable until accepted. Such an offer is usually referred to as an option. Restatement, Contracts, § 24, Comment C. The making of an offer is not the creation of a contract, and does not, in and of itself, have binding force, either at law or in equity, on the offerer. It is merely an offer which the offerer may revoke so long as he does so before the offeree accepts it. 5 Williston on Contracts, Rev.Ed., Sec. 1441; 1 Corbin on Contracts, § 263.

■ So, the pertinent inquiry is whether the 1948 writing was without consideration and thus a mere offer, or an option supported by a consideration and thus a binding contract. As we understand it, there is no question here about the tenant accepting the offer before it was revoked by the landlord so as to ripen the offer into a contract binding on the parties. And there seems to be no doubt that the tenant assumed no obligation nor released any right in executing the 1948 writing. Hence, the landlord's offer or promise was not supported by a con-

sideration and could be withdrawn at any time before its acceptance by the tenant.

The "mutual assent" rule approved in the cases, supra, relied on by respondent does not apply to this case. It seems to us that what was said in Shriner v. Craft, 166 Ala. 146, 151–152, 155, 51 So. 884, 886, 28 L.R.A.,N.S., 450, 139 Am.St.Rep. 19, is more pertinent, viz.:

> "* * * While there are some expressions in the cases which seem to dispense with the necessity of a consideration to a modification of a contract, yet a modification can be nothing but a new contract, and must be supported by a consideration like every other contract. An analysis of the cases shows that it would be more accurate to say that the mutual obligations assumed by the parties, at the time of the modification, constitute a sufficient consideration, and if one of the parties does not assume any obligation or release any right, then a promise by the other is a nudum pactum and void.

> \* \* \* \* \* \*

> "'It requires the same mutuality to vary or modify a contract, as it does to create it in the first instance; for the modification is only a species of contract. The mutual agreement of the parties, a promise for a promise, is sufficient to uphold such modified contract, without other new consideration.'"

■ Nor do we think there is any merit to the insistence that the recital in the option that it was made "in further consideration of said rental" afforded consideration for the option. Respondent was already under obligation to pay the rental. "It is an established principle that the doing or undertaking to do only that which one is already under a legal obligation to do by his contract is no consideration for the secondary, subsequent, or new agreement." Moore v. Williamson, 213 Ala. 274, 277, 104 So. 645, 648; 42 A.L.R. 981, supra, and cases there cited; 17 C.J.S., Contracts, § 112, p. 465; 12 Am.Jur., Contracts, Sect. 88, p. 582.

From what we have said it follows that the demurrer should have been overruled.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and SIMPSON and SPANN, JJ., concur.