BEATTY, Justice
(dissenting):
Conceding that this case is a close one, nevertheless I believe the majority has confused the legal doctrines applicable to it, and my reasons follow:
Our cases uniformly hold that a contracting party who is the victim of a fraud has an election. He may rescind and sue for his money back, or he may elect» to affirm the contract and sue for damages for the deceit practiced upon him. Kyser v. Southern Building & Loan Ass’n., 224 Ala. 673, 141 So. 648 (1932); Southern Building & Loan Ass’n. v. Waldrop, 24 Ala.App. 362, 135 So. 418 (1931). It has been stated as a general proposition that, should the victim elect to rescind, he must restore benefits he has received under the contract, but that rule is subject to exceptions. See, e. g., Kennedy v. Collins, 250 Ala. 503, 35 So.2d 92 (1948). In any case, when the victim who was in *780 duced by fraud to enter the contract later wishes to rescind, the burden is upon him to prove that the discovery of the fraud occurred within twelve months from the date upon which he brought his action. Code of 1975, §§ 6-2-3, 6-2-39(a)(5). Accord, State Security Life Ins. Co. v. Henson, 288 Ala. 497, 262 So.2d 745 (1972).
The basic issue under the defendant’s first contention and these authorities is whether or not the plaintiff’s action was ex contractu or ex delicto. In short, the plaintiff maintains that he sought recovery under the contract according to its terms, while the defendant contends that the action was based upon fraud.
Legal fraud which entitles one to elect either to rescind a contract or to affirm it takes several forms. It is fraud to wilfully, or recklessly without knowledge, make a misrepresentation of a material fact which is acted upon by another. Code of 1975, § 6-5-101. Even an innocent misrepresentation made by mistake, but which is acted on by the victim, is legal fraud. § 6-5-101, supra; Hudson v. Moore, 239 Ala. 130, 194 So. 147 (1940); Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37 (1970). And the suppression of a material fact is under some circumstances legal fraud. Code of 1975, § 6-5-102. This Court has recently quoted with favor an early description of fraud:
Fraud, in the nature of it, implies that the party has been misled and that, by the wrong of another, he is accepting and resting in a false sense of security. A party thus situated is not required to presume fraud or suspect it, until something comes to him leading a just person to suspect and make inquiry. [Johnson v. Shenandoah Life Ins. Co., 291 Ala. 389, 281 So.2d 636 (1973) quoting from Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286 (1926)].
And this Court has described “legal fraud” in Rudman V. Hooks, 252 Ala. 280, 281, 40 So.2d 866 (1949):
The culpability which stamps misrepresentations of material facts as an inducement to action by another as a ‘legal fraud,’ as defined by the foregoing section [now § 6-5-101], is in the assertion of that to be true which is not true, when made to be relied on and which is relied on to the injury of the party misled thereby. (citations omitted)
I note particularly that the contract between these parties, whose terms required the seller to buy the contract back on demand and to pay all costs, expenses and reasonable attorney fees, also made that remedy a cumulative one, that is, it was not the exclusive remedy. Accordingly, it would have been proper for Sebrite to have followed one of its alternative remedies: affirm the contract and seek recovery according to its terms, which specified that the seller would pay the unpaid amount to Sebrite, plus Sebrite’s expenses and attorney fees; or rescind the contract, making the fraudulent representation the gist of the sought-after recovery, and seek to recover his money. The recoveries in each would not be the same because, for one thing, attorney’s fees would be recoverable in an action upon the contract which provides for their payment, but not otherwise. Hartford Accident & Indemnity Co. v. Crosby, 277 Ala. 596, 173 So.2d 585 (1965).
Here the plaintiff Sebrite sought the latter alternative. Its amended complaint alleged “that on or about October 20, 1976, Plaintiff became aware that the representations made in the Disclosure Statement were false . . . ” and that “. . . Sellers made said Warranties for the purpose of inducing the Assignee to purchase the Contract. . . . ” It added that “if the truth had been known that no down payment had been made the Plaintiff would not have purchased the contract . . ” and “the Defendant misrepresented to the Plaintiff herein for the purpose of inducing it to purchase said Contract. . ” The plaintiff then asked for a rescission. In other words, Se-brite actually utilized a cumulative remedy as authorized by the contract. Sebrite sued under the contract but it did not sue on the contract. And taking Sebrite’s allegations together they state a cause of action based upon legal fraud under one of the alterna *781 tives contained in § 6-5-101. Cf. Berman Bros. Iron & Metal Co. v. State Savings & Loan Co., 222 Ala. 9, 130 So. 554 (1930).
The defendant has made the point that there was no evidence offered by Sebrite of any date on which it discovered the fraud, and hence there was a failure of proof. Sebrite concedes this argument by insisting that the action was based upon the contract between it and the defendant. Indeed, the record contains a stipulation concerning the person from whom Sebrite learned “of this fraud” (in the words of Sebrite’s counsel) but this stipulation did not cover the time when Sebrite became aware of it. Having determined that the action was based upon fraud, the burden as we have stated, was upon Sebrite to offer evidence of the discovery of the fraud within twelve months from the date the action was brought, i. e., within twelve months of October 13, 1977. Henson, supra. Upon Sebrite’s failure to adduce such proof, the defendant’s motion for a directed verdict raising that ground, made at the conclusion of the hearing, was due to be granted. For the error in refusing to grant that motion the decree should have been reversed and the cause remanded.
MADDOX, J., concurs.