[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1115 
This is an appeal from a directed verdict in favor of the appellee.
Darryl Hardin was an attorney for Jamie Finley, who sued Judy Griffin and obtained a default judgment in the sum of $589.24 plus costs on August 22, 1979. The judgment was not paid and Hardin wrote Mrs. Griffin a letter on February 14, 1980, advising the total amount due on the judgment, $633.69, and stating that if not paid he would execute on her property. Mrs. Griffin, again, did not respond, and her one-half interest in her house was advertised for sale and was sold by the sheriff on May 12, 1980, for the sum of $100. On May 7, 1980, Honorable Joe G. Burns, Jr., on behalf of Mrs. Griffin, contacted Hardin and Hardin made an offer to settle the judgment for $500 plus $102.63 costs. On May 8, 1980, Mrs. Griffin went to the office of Darryl Hardin and talked to Lowell Hardin, a layman, father of Darryl Hardin, and an employee of Darryl Hardin. Lowell Hardin wrote the following:
 "5-8-80. Mrs. Griffin wants to pay by weekly payment in the amount of $25.00 per week beginning on May 16, 1980.
 "Payments to be made at law office of Darryl C. Hardin located at 2861 7th St. Tuscaloosa, Ala.
 "/s/ Judy Hardin but I am not guilty of this phone 556-7619."
The sheriff conveyed Mrs. Griffin's one-half interest in her house to Roberts and Pake, the purchasers at the sale for execution.
Beginning May 17, 1980, Mrs. Griffin made payments until $600 was paid, ending on January 30, 1981. In October 1981, her husband received a tax notice which included the names of Pake and Roberts. Mrs. Griffin eventually repurchased her one-half interest from Pake and Roberts, apparently in the sum of $300. She then filed an action against Hardin for breach of contract, fraud and negligence.
Upon trial of the action the trial judge directed a verdict in favor of Hardin, hence this appeal.
Mrs. Griffin first alleges that the trial court erred in granting Hardin's motion for directed verdict.
The standard for review for a directed verdict is well established. A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Deal v. Johnson, 362 So.2d 214 (Ala. 1978). In considering a motion for directed verdict, the court must apply Rule 50 (e), A.R.Civ.P., under which "a question must go to the jury, if the evidence, or any reasonable inference arising therefrom, furnishes a mere gleam, glimmer, spark . . . or a scintilla in support of the theory of the complaint. . . ." DixieElectric Company v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975). The trial court must view the entire evidence, and all reasonable inferences which a jury might draw therefrom, in the light most favorable to the non-moving party. Alabama Power Company v.Taylor, 293 Ala. 484, 306 So.2d 236 (1975).
In this case the offer to settle the judgment for $500, plus certain costs, was not accepted by Mrs. Griffin. Instead, she made a counteroffer to make weekly payments. The offer to settle made by Hardin contained the admonition to let him know before "Monday noon" the day and hour of the sale. When she talked to Lowell Hardin, he advised her he knew nothing about the judgment, that he was not a lawyer and that he could only deliver her message to Darryl Hardin. The record is silent as to when Griffin's offer was delivered to Darryl Hardin. Griffin stated that she had no *Page 1116 
agreement with Darryl Hardin to accept weekly payments.
The essential elements of a contract are missing in this case. Prior to the sale there was no offer and acceptance of the same terms and conditions of either party. Contracts call for the meeting of contracting parties' minds. Protective Life InsuranceCo. v. Linson, 245 Ala. 493, 17 So.2d 761 (1944). Mrs. Griffin was under the legal duty to pay the judgment, interest and costs. It is an established principle that the doing or undertaking to do that which one is already under a legal obligation to do by his contract is no consideration for a secondary, subsequent or new agreement. Little v. Redditt, 264 Ala. 371, 88 So.2d 354
(1956). It is stated in 17 C.J.S. Contracts § 111 (1963): "Where a party is under a duty created or imposed by law to do what he does or promises to do, his act or promise is clearly of no value and is not sufficient consideration for a promise given in return." Hill v. Hill, 217 Ala. 235, 115 So. 258 (1928). A promise to do what one is already under a legal obligation to do is not a sufficient consideration for another contract. South andN.A.R. Co. v. Highland Avenue and Belt Railroad Co., 119 Ala. 105,24 So. 114 (1898).
As to the claim of fraud, there is no evidence to support any false representations allegedly made to Griffin by either of the Hardins. The gravamen of legal fraud is the assertion or representation of that to be true which is not true. Rudman v.Hooks, 252 Ala. 280, 40 So.2d 866 (1949).
Griffin's third claim was one of negligence and alleges that although Darryl Hardin was under no duty to her he volunteered to act and failed to use due care therein, resulting in her interest in her home being sold. As stated in her testimony, Griffin had no agreement with Hardin to accept periodic payments prior to the sale. There is no evidence that prior to the sale Hardin accepted Griffin's counteroffer or agreed to stop the sale for execution on the judgment. As a general rule, the law imposes no duty on one person actively to assist in the preservation of the person or property of another from injury, even though the means by which harm can be averted are in his possession. Louisville N.R. Co. v. Scruggs and Echols, 161 Ala. 97, 49 So. 399 (1909).
Griffin further cites as error a ruling on a motion in limine by the trial court. Joe G. Burns, Jr., was called as a witness by Griffin, and Hardin made a motion in limine to prevent the eliciting of evidence that months after the sale, in a conversation between Mr. Burns and Mr. Hardin, Mr. Burns suggested that Mr. Hardin should pay the $300 to get the property back from Roberts and Pake, and Mr. Hardin's reply was that he would do that if he had it or when he got it by the way of a compromise or avoiding a dispute. The court ruled that it was evidence of an offer of compromise and was inadmissible.
It is the general rule that evidence of an offer to compromise or settle a disputed claim will not be received as an admission of the party making the offer. An offer or agreement to pay, or even payment, in the way of compromise, is not an admission of indebtedness nor of any fact from which indebtedness may be inferred. Hughes v. Daniel, 187 Ala. 41, 65 So. 518 (1914). The rule does not affect the use of an express admission of fact of responsibility, even though contained in an offer of settlement or compromise. Langham Small Motors v. Thomas, 390 So.2d 1055
(Ala.Civ.App. 1980). There is no express admission of liability in the statement of Darryl Hardin, and it could not properly be considered as a legal admission of fact.
In reviewing the evidence in a light most favorable to the non-moving party, we conclude that the trial court ruled properly in granting appellee's motion for directed verdict.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama *Page 1117 
1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.